## The PEOPLE *against* DENTON.

The court of sessions has power to discharge a jury, without the consent of the prisoner, in case of an indictment for a misdemeanor; but the power rests in sound discretion, and ought to be exercised with caution.

Where a jury could not agree on a verdict, after being out all night, and part of a day, and the court discharged them, without the consent of the party, the discharge was held to be proper, and the prisoner was again arraigned, on the indictment, for the same offence.

THE prisoner was indicted for a misdemeanor, in neglecting his duty as an inspector of the election of the town of Hempstead, in the county of Queens, in April, 1799, under the act for regulating elections. *The indict- [*276] ment was found at the general sessions of the peace in Queens county. The prisoner pleaded *not guilty*. After hearing the evidence, the jury retired, and came into court in the morning, with a verdict of not guilty ; but, on being *polled*, three of the jurors dissented, and, after having been sent out several times, they informed the court that they could not agree, and that there was no prospect of their agreeing on a verdict. The court of sessions, without the consent of the prisoner, discharged the jury ; and the indictment was removed to this court by *certiorari*.

The prisoner, being brought up and arraigned, was called on to plead to the indictment.

*S. Jones* and *C. 1. Bogert*, counsel for the prisoner; objected : 1. Because, that the offence stated in the indictment, which is founded on the 21st section of the act for regulating elections, is not an indictable offence, and they moved to quash the indictment. 2. Admitting it be an indictable offence, yet the prisoner, having been once tried, and the jury discharged, without the consent of the prisoner, he cannot be again called upon to answer to the indictment.

In support of the first point, they cited the 20th and 21st sections of the act regulating elections. (See Greenleaf's ed. of Laws, vol. 1, p. 328, 10 sess. c. 15. 2 Hawk. P. C. 301, 302, s. 4. 2 Burr. 799, 803, 804, and Hale's P. C. 171. Cro. Jac. 644.)

The People v. Denton.

To the second point they cited 2 Hawk. 622, 623, 624. Carth. 465. Foster, 16 to 22, *et seq.* 1 Anderson, 103.

*Hoffman,* Attorney-General, and *Colden,* District-Attorney, contra, cited, (1.) 2 Stra. 1048. 2 Ld. Raym. 1104. 2 Hawk. 395. (2.) Foster, 27, 29, 30. 2 Hale's P. C. 295, 297. Jacob's Law Dict. *voc.* Jury. 2 Leach, 706.

[*277] *Per Curiam.* 1. This was an indictment for a misdemeanor, and the jury, after being sent out several times, and returned to the bar, could not agree on a verdict, and were discharged by the court, without the consent of the defendant. The power of discharging a jury, in cases of misdemeanors, as in civil cases, rests in sound discretion, and is to be exercised with great caution. Where every reasonable endeavor has been used to obtain a verdict, and it is found that the jury cannot or will not agree, they must *ex necessitate,* be discharged. We think that the discretion of the court below was duly exercised in the present case, and that the discharge was necessary and proper.(*a*) 2. As to the other point, the court have doubts, and the prisoner must, therefore, plead *instanter.* [The prisoner pleaded not guilty, and was recognized to appear at the next *oyer* and *terminer* in Queen's county.](*b*)

(*a*) See note (*o*) to *The People* v. *Olcott, infra,* p. 301.

(*b*) Though the rest of the judges were not clear, whether this was an indictable offence, Kent, J. thought an indictment would lie. The following is taken from his MS. opinion, as to that point.

The 21st section of the election law, declares, that if any inspector shall wilfully neglect to perform his duty, or be guilty of any corrupt misbehavior, and be thereof convicted, he shall forfeit and pay 200 pounds, to be recovered in a *qui tam* suit, by an action of debt, bill, plaint or information. It is contended, that the statute has created this offence of a wilful neglect of duty by the inspector. This is certainly a mistake. Every wilful neglect of a public trust, affecting the community, is an offence at common law. If the statute had been totally silent as to the whole matter of this 21st section, it cannot be doubted, but that inspectors of the election would have been indictable for a wilful neglect, as well as for a corrupt execution of their office ; because, such conduct would be a public injury, and affect the community in its most essential rights. The true distinction on this subject is laid down clearly and emphatically, in *Castle's case,* (Cro. Jac. 644,) and repeated and confirmed by the court of king's bench, in the case of *The King* v. *Robinson,* (2 Burr. 803.) Where a statute creates a new offence, and inflicts a penalty for the

doing of a thing which was no offence before, and appoints how it shall be
recovered, it shall be punished by that means, and not by indictment.    But
the wilful neglect, as well as the corrupt execution of a public trust, was al-
ways a crime by the common law ; and weak and miserable would be that
system of law, and that administration of justice, which would permit a pub-
lic officer wilfully to neglect his official duty, and not hold him responsible as
for a public offence.                                              ,

Offences by officers, says Serjeant Hawkins, consist 1st. In breach of duty.
In the grant of every office whatsoever, there is this condition implied by
common reason, that the grantee ought to execute it diligently and faithfully.
Since every office is instituted, not for the sake of the officer, but for the good
of some others.   Nothing can be more just, than that he who either neglects
or refuses to answer the end for which his office was ordained, should give
way to others who are able and willing to take care of it.   An officer is lia-
ble to a forfeiture of his office, for neglecting to attend to his duty, at all rea-
sonable and proper times and places, and also liable to a fine.   (1 Hawk. b. 1,
c. 66, s. 1, 2.)   These positions of Hawkins are cited and confirmed by Sir
William Blackstone, (Com. vol. 4, 140,) and leave no doubt but that the of-
fence charged in the indictment in the present case, was an offence at com-
mon law.

The indictment here concludes against the statute ; but the authorities in
2 Hawk. show that these words may be rejected, as surplusage, if the offence
be at common law, and especially, if it be only a common law offence.   A case
in Strange, 1048, (*Rex* v. *Luckup*,) goes to show that an indictment will lie on
the 21st section of the act, in order for a conviction to found the *qui tam* ac-
tion.   But that case may justly be doubted.   Such an indictment is too much
an idle prosecution, *pro forma*, and may be founded on the testimony of the
man who afterwards sues for his own benefit.