[No. 10,068.]

# EX PARTE HARROLD.

RESIDENCE OF OFFICER AT COUNTY SEAT.—The failure of a County Treasurer to reside at the county seat of his county, as required by Section 4,119 of the Political Code, is not an "omission to perform any duty enjoined by law upon a public officer," within the meaning of Section 176 of the Penal Code, and is not made a misdemeanor.

PENAL CODE AS TO RESIDENCE OF OFFICERS.—Section 176 of the Penal Code, which makes a willful omission by an officer to perform a duty enjoined by law a misdemeanor, does not apply to conditions or qualifications upon which the incumbent's right to hold an office depends, but to duties pertaining to the office, while in the discharge of official duties.

APPLICATION to the Supreme Court for discharge on habeas corpus.

The facts are stated in the opinion.

*Terry & McKinne,* for petitioner, argued that the residence required by the code is a condition or qualification merely —not an official duty, the neglect of which can be punished as a crime—and that therefore the County Court had no jurisdiction to punish the defendant, and cited *Ex-parte Corryell,* 22 Cal. 181.

CAL. REPS. XLVII—9.

*Attorney-General Love* and *Creed Haymond* replied that the conditions or qualifications required of an officer must be met before he is elected, and that Section 4,119 prescribes a duty, because it is something to be done by the officer after he enters upon his office.

By the Court:

The prisoner, who is the County Treasurer of San Joaquin County, was indicted for "willfully omitting as a public officer to perform a duty enjoined by law upon him." The offense, as charged in the indictment, is his failure, during a specified period, to reside at the county seat of his county. He is now held in custody by virtue of a bench-warrant issued by the County Court, after having been tried and found guilty as charged in the indictment. The only question we shall consider, is whether the indictment charges the commission of a public offense.

It is provided by the one hundred and seventy-sixth section of the Penal Code, that "every willful omission to perform any duty enjoined by law upon a public officer or person holding any public trust or employment, where no special provision shall have been made for the punishment of such delinquency, is punishable as a misdemeanor." The Political Code (Sec. 4,119), provides that certain county officers, among whom is the County Treasurer, must reside at the county seats of their respective counties.

It is claimed on the part of the prosecution, that it is an official duty of the defendant, as the Treasurer of the County of San Joaquin, to reside at the city of Stockton, the county seat of that county. The duty enjoined by law, within the meaning of Sec. 176, Penal Code, is an official duty. It is an act to be performed by the incumbent of the office, in his official capacity. It is not a qualification or condition, which a person must possess in order that he may be eligible to, or continue to hold, an office. Should it be provided by competent authority that no officer should absent himself from the State for more than thirty days, or that he should not discharge the duties of his office after he

had attained the age of sixty years, those provisions would amount to conditions, upon which the incumbent's right to hold the office depended, but they would in no sense constitute official duties—duties pertaining to his office. Provisions to the effect that a person shall not be eligible to a particular office who is not of a designated age, or a resident or elector of the proper county, district, etc., are qualifications which he must possess in order that he may be eligible to, and hold, the office, but they clearly are not duties pertaining to the office. We are not called upon in this case, to express any opinion as to the power of the Legislature to impose upon a constitutional officer, a new or additional condition, affecting the tenure of his office or his right in any respect to hold the same; but it is sufficient in this case to say, that the neglect with which the defendant is charged by the indictment, is not the neglect of a "duty enjoined by law," within the meaning of Section 176, Penal Code. It is not claimed that the defendant is liable to punishment under any other section of the Penal Code. The indictment, in our opinion, does not charge any offense. The prisoner is, therefore, entitled to be discharged from custody, and it is so ordered.