[No. 18401.   Department One.—September 4, 1895.]

IN THE MATTER OF WILLIAM CURTIS, SUPERVISOR, RESPONDENT.   D. J. McGOWAN, APPELLANT.

108 661
a110 656
108 661
111 242
108 661
f130 187

MISDEMEANOR IN OFFICE—PUBLIC OFFENSE—IMPEACHMENT.—An accusation against a supervisor under the provisions of section 772 of the Penal Code, charging him with collecting illegal fees, and neglecting to perform his official duties, is of a public offense or misdemeanor in office, and the proceeding against him is a criminal proceeding in the nature of an impeachment.

ID.—SUMMARY PROCEEDINGS—FINALITY OF JUDGMENT — JURISDICTION OF APPEAL—DISMISSAL.—The proceedings under section 772 of the Penal Code are intended to be summary, and as the legislature has made no provision for a review of the action of the superior court its judgment is final, and an appeal therefrom must be dismissed for want of jurisdiction.

MOTION to dismiss an appeal from a judgment of the Superior Court of Sacramento County.   A. P. CATLIN, Judge.

The facts are stated in the opinion of the court.

*Holl & Dunn*, for Appellant.

The accusation was sufficient.   (Pen. Code, sec. 772; Pol. Code, sec. 2645; County Government Act, secs. 41, 46; *In re Marks*, 45 Cal. 199; *Woods* v. *Varnum*, 85 Cal. 639, 644.)

*Johnson & Johnson*, and *White, Hughes & Seymour*, for Respondent.

The accuser has no right to appeal, and the attempt to appeal should be dismissed.   (*Appeal of Houghton*, 42 Cal. 35; Pen. Code, secs. 15, 682, 737–72; Code Civ. Proc., sec. 936.)   The act of 1853 under which *In re Marks*, 45 Cal. 199, was decided provided for an appeal. The accusation is insufficient, being entirely upon information and belief.   (Pen. Code, sec. 772; *Triplett* v. *Munter*, 50 Cal. 644; *Ex parte Dimmig*, 74 Cal. 164; *Ex parte Spears*, 88 Cal. 640; 22 Am. St. Rep. 341; *Matter of Hudson*, 102 Cal. 467; 1 Bishop's Criminal Procedure, sec. 222.)

HARRISON, J.—While the respondent held the office of supervisor of the fourth district of the county of Sacramento, an accusation was filed against him in the superior court for that county by D. J. McGowan, under the provisions of section 772 of the Penal Code, charging him with collecting illegal fees and neglecting to perform his official duties. To this accusation the respondent filed a demurrer upon various grounds, which was sustained by the court, and the accuser declining to amend his accusation, the court entered a judgment dismissing the proceeding. From this judgment McGowan has appealed. The respondent has moved to dismiss the appeal upon the ground that an appeal from the action of the court under this section of the Penal Code is unauthorized.

The charge against the respondent is of a public offense—a neglect of official duty, or misdemeanor in office—and the proceeding against him is a criminal proceeding in the nature of an impeachment. (*In re Marks*, 45 Cal. 199.) At the common law an officer guilty of neglect of official duty was liable to indictment and punishment by removal from office. (Throop on Public Officers, c. 32; Bacon's Abridgment, tit. Offices and Officers, note. See, also, opinion of Kent, J., in note to *People* v. *Denton*, 2 Johns. Cas. 275.) Article IV, section 18, of the constitution of this state, after providing that certain state officers shall be liable to impeachment for misdemeanor in office, declares: "All other civil officers shall be tried for misdemeanor in office in such manner as the legislature may provide." By section 772 of the Penal Code the legislature has provided a manner for the trial of certain misdemeanors in office, by authorizing an accusation in writing, verified by the oath of any person, to be presented to the superior court, and, if upon a hearing thereon after a citation to the accused the charges are sustained, the court is authorized to remove the accused from office. These proceedings are intended to be summary, and, as the legislature has made no provision for a review of the action of the

superior court, its judgment is final. (See *Appeal of Houghton*, 42 Cal. 35; *Bixler's Appeal*, 59 Cal. 550.)

By article VI, section 4, of the constitution, the supreme court is given appellate jurisdiction "in all criminal cases prosecuted by indictment or information in a court of record on questions of law alone." Section 682 of the Penal Code declares that:

"SEC. 682. Every public offense must be prosecuted by indictment or information, except, 1. Where proceedings are had for the removal of civil officers of the state."

The "information" here authorized is that named in the constitution (art. 1, sec. 8) as the equivalent of an indictment, and which is to be prepared by the district attorney under the provisions of section 809 of the Penal Code. Marks' case, *supra*, was prosecuted under the provisions of the act of March 14, 1853 (Stats. 1853, p. 40), and by the provisions of section 6 of that act either party might appeal to the supreme court as in other cases. The provisions of this section ceased to exist upon the adoption of the codes, and section 1235 of the Penal Code authorizes an appeal to this court only in such criminal actions as amount to a felony. As the appellate jurisdiction of this court in criminal cases given by the constitution extends only to such as are prosecuted by indictment or information, we have no jurisdiction to entertain the present appeal.

The appeal is dismissed.

GAROUTTE. J., and VAN FLEET, J., concurred.