[S. F. No. 537. In Bank.—October 17, 1895.]

JOHN D. SIEBE, Petitioner, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Prohibition — Jurisdiction of Superior Court — Accusation against Assessor—Assessment of Property at Less than Actual Value.—The superior court has no jurisdiction to entertain an accusation by a private citizen under section 772 of the Penal Code, against an assessor, which does not accuse him of having neglected or refused to assess property, but which accuses him of assessing the property of a street railway company at an amount less than its actual value, for the purpose and with the design of enabling it to evade taxation; and prohibition will lie to prevent the exercise of such jurisdiction.

Id.—Misconduct in Office—Judicial Action.—An assessment of property at less than its actual value, if made with the purpose of enabling the one assessed to evade taxation, is not a refusal or neglect to perform official duty, but a "willful and corrupt misconduct in office," for which the assessor might be accused by the grand jury under section 758 of the Penal Code; but if made in the ordinary exercise of his official duty, without any corrupt or illegal motive, is of a judicial nature, for which he is not amenable to the penal laws of the state.

Prohibition from the Supreme Court to the Superior Court of the City and County of San Francisco. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

*E. S. Pillsbury,* for Petitioner.

*A. J. Clunie,* for Respondent.

The Court.—The petitioner herein was elected to the office of assessor for the city and county of San Francisco at the general election in 1894, and qualified for said office in the succeeding January, and has since acted as such assessor. Prior to the first day of July, 1895, as such assessor, he assessed the property of the Market Street Railway Company, a corporation organized under the laws of this state, and having property in said city and county, for the fiscal year ending July 1, 1895, at the sum of three million eight hundred and eighty-three thousand eight hundred and sixty-

six dollars. On the 11th of May, 1896, an accusation in writing against him was presented to the superior court of San Francisco, alleging that the value of the property of said corporation at the time of such assessment was seventeen million five hundred thousand dollars, and that the petitioner, "for the purpose and with the design of enabling said Market Street Railway Company to evade taxation for the fiscal year ending July 1, 1895, upon the full cash value of said property, willfully and knowingly failed and neglected to and did not assess the said property of said Market Street Railway Company for the purpose of taxation for said fiscal year at its full cash value, but with said object and purpose then and there assessed the same at the value of but three million eight hundred and eighty-three thousand eight hundred and sixty-six dollars, and that no other, further, or additional assessment of said property for said fiscal year was made." Thereupon the superior court appointed the eighteenth day of May, 1896, as the time at which it would hear the said accusation and the evidence offered in support of the same, and directed a citation to be issued to the petitioner to appear at that time. On that day he appeared before the court and objected to its jurisdiction to hear or act upon the said accusation, and requested the court to dismiss the same. The court, however, denied his request, and set the matter down for hearing on the next day. Upon the application of the petitioner, an alternative writ of prohibition was issued out of this court, directing the respondents to show cause why they should not refrain from further proceedings upon the said accusation. The return to the writ is in the nature of a demurrer to the application.

Section 772 of the Penal Code authorizes the superior court to entertain an accusation made under oath by a private citizen against an officer within its jurisdiction, charging him with having collected illegal fees, or with having refused or neglected to perform the official duties pertaining to his office, and, unless the accusation `

charges the officer with a violation of his official duty in respect to one or other of these particulars, the court has no jurisdiction in the matter. In the present case, the petitioner was not accused of having neglected or refused to assess the property of the Market Street Railway Company, for it is alleged in the accusation that he did assess it at a given amount, but that this amount was less than its actual value, and that such assessment was made "for the purpose and with the design of enabling said Market Street Railway Company to evade taxation for the fiscal year commencing July 1, 1895." If the assessment was made with such purpose, it was not a "refusal or neglect" to perform his official duties, but a "willful and corrupt misconduct in office," for which he might have been accused by the grand jury, under the provisions of section 758 of the Penal Code. If, on the other hand, the assessment was made in the ordinary exercise of his official duty, and without any corrupt or illegal motive, his act, though pertaining to the executive department of the government, was of a judicial nature, for which he is not amenable to the penal laws of the state. (See *Clunie* v. *Siebe*, 112 Cal. 593.)

It is ordered that a peremptory writ issue as prayed for.

BEATTY, C. J., did not participate in the foregoing decision.