## Ex parte GOLDMAN.

### Court of Appeal, Third District; March 7, 1906.

88 Pac. 819,

**Habeas Corpus.—A Person Imprisoned Under an Indictment** which does not charge a public offense may obtain his discharge on an application for a writ of habeas corpus.[1]

**Penal Code, Section 32, Defining Accessories** as those who after knowledge of the commission of a felony conceal it from the magistrate or protect the person charged with the crime, states the common-law rule that a person must know that he is assisting a felon or else he cannot be charged as an accessory, and the mere neglect to inform the authorities that a felony has been committed is not sufficient, the word "conceal" in the statute including some affirmative act on the part of the person looking to the concealment of the felony.

**Obstructing Justice—Concealing Evidence.—An Indictment** alleging that accused after and with knowledge that a third person had stolen certain property concealed the property stolen and concealed from the magistrate the commission of the felony, states no offense under Penal Code, section 135, punishing concealment of evidence about to be introduced, because it fails to state the purpose of the act.

**Indictment—Requisites.—Where an Act may Fall Within the** definition of several offenses, according to the purpose with which it is done, it is essential to the statement of any offense that the purpose be set forth.

**Receiving Stolen Goods.—An Indictment Alleging That Accused,** after and with knowledge that a third person, had stolen certain property, concealed the property and concealed from the magistrate the

---

1 Cited with approval by Chief Justice Potter, dissenting from the majority opinion, in McGinnis v. State, 16 Wyo. 105, 91 Pac. 948, which was an appeal from an order denying a motion in arrest of judgment on a charge of robbery. There the citation was, in connection with that of In re Myrtle, 2 Cal. App. 383, 84 Pac. 335, on the question of what was, and what was not, a sufficient allegation.

Cited and followed in Ex parte Rickey, 31 Nev. 89, 135 Am. St. Rep. 651, 100 Pac. 137. There one was detained as for embezzlement, and averred, on habeas corpus, that the indictment, which the state admitted to state the facts, did not allege an offense; and it was held that this threw it upon the court to inspect the indictment and, if finding this to be deficient as averred, to discharge the prisoner.

Cited and followed in Ex parte Shaw, 4 Okl. Cr. 425, 113 Pac. 1066, where the charge intended to be made against the person held was the statutory offense of defrauding an elector of his vote.

commission of the felony, states no offense under Penal Code, section 496, punishing the receiving of stolen property.

**Accessories.**—An Indictment Charging That Accused after and with knowledge of the commission of a felony concealed its commission from the magistrate does not charge accused with being an accessory within Penal Code, section 32, defining accessories as those who after knowledge of the commission of a felony conceal it from the magistrate, as it does not allege the acts constituting the offense.

Application of Edward Goldman for a writ of habeas corpus. Petitioner discharged.

F. G. Ostrander and Frank H. Farrar for petitioner; E. H. Hoar, district attorney, for respondent.

McLAUGHLIN, J.—The petitioner was indicted by the grand jury of the county of Merced for the crime of "being an accessory to the commission of a felony." The particular circumstances of the offense charged are set forth in the indictment as follows: "That said Edward Goldman on or about the 20th day of January, A. D. nineteen hundred and six, . . . . (after and with full knowledge that one Ross Dunn theretofore at, and in said county of Merced, and on or about the 18th day of January, A. D. 1906, had willfully, unlawfully, and feloniously taken, stolen, and carried away from the freight depot of the Southern Pacific Company in the city of Merced, ten sacks of alfalfa seed of the value of $227.50; . . . . and said alfalfa seed being at the time it was so taken, stolen, and carried away the personal property of one W. C. Dallas) did willfully, unlawfully, and feloniously conceal the property stolen as aforesaid, and did conceal from the magistrate the commission by said Ross Dunn of said felony."

It is contended in behalf of the petitioner that the indictment does not charge a public offense, and hence that his imprisonment is unlawful. In answer to this contention it is argued (1) that habeas corpus is not the proper proceeding for the determination of the question involved; (2) that the offense is charged in the language of section 32 of the Penal Code, and therefore the indictment is sufficient. It is the settled rule in this state that defects or irregularities in an indictment will only be reviewed on appeal from the judgment, but, if the facts alleged do not constitute a public offense, habeas corpus will lie: In Matter of Corryell, 22 Cal.

183; Ex parte Harrold, 47 Cal. 130; Ex parte Maier, 103 Cal. 479, 42 Am. St. Rep. 129, 37 Pac. 402; Ex parte Williams, 121 Cal. 331, 53 Pac. 706. Our inquiry in the present proceedings must, therefore, be confined to the single question whether the indictment charges the commission of a public offense. If the indictment only contained the general accusation that the petitioner had committed a felony "by being an accessory to the commission of a felony," it would, undoubtedly, be wholly insufficient and void. This proposition is too plain to require elaboration or citation of authorities. We must, therefore, examine the facts alleged, in order to determine whether the acts or facts detailed constitute the offense designated in the general charge. The attorneys for the people defend the indictment on the ground that it sufficiently appears therefrom that the petitioner concealed his knowledge of the commission of the offense of grand larceny from a magistrate. This defense is equivalent to an admission that the prisoner should be discharged. Knowledge of the commission of a felony is, and always has been, necessary to charge a person as an accessory. Intent is an essential element of all crimes, and a person could hardly intend to conceal the commission of a crime, or render assistance to a criminal, when he was wholly ignorant of the commission of an offense or the participation of the person assisted. Hence the language, "after full knowledge that a felony has been committed," found in section 32 of the Penal Code, is but the statement of an essential prerequisite to guilty concealment, protection, or assistance. In other words, it is but a reiteration of the common-law rule that a person must know that he is assisting a criminal, or else he cannot be charged as accessory. While the existence of such knowledge was an essential ingredient of the offense at common law, still the mere neglect to disclose it or inform the authorities that a felony had been committed did not constitute the person maintaining such silence an accessory: 1 Bishop's Criminal Law, sec. 694; 1 Am. & Eng. Ency. of Law, p. 268; Blackstone's Commentaries, p. 37, n. 25, 120. Section 32 of the Penal Code is but a codification of the common-law rule or definition, and hence the supreme court of this state has pointedly said: "The word 'conceal,' as here used, means more than a simple withholding of knowledge possessed by a party that a felony has been committed. This concealment necessarily includes the

element of some affirmative act upon the part of the person tending to or looking toward the concealment of the felony. Mere silence after knowledge of its commission is not sufficient to constitute the party an accessory'': People v. Garnett, 129 Cal. 366, 61 Pac. 1115. An examination of the original record in that case shows that the information contained a statement of the particular affirmative acts constituting the concealment from the magistrate, but did not contain the name of the magistrate. This portion of the information was upheld, and the cause was remanded for a new trial upon that issue. It was in passing upon the sufficiency of the information in this regard that the language quoted was used; and hence the contention that it is obiter dicta cannot be sustained. Viewed as dictum, however, it is sustained by the overwhelming weight of authority in the United States and England, and commends itself to our reason as a correct statement of the law.

Upon first impression it seemed to me that the averment that petitioner concealed the property stolen, with knowledge of the theft, might be sufficient to charge him as an accessory. But this averment is so plainly separated from any charge of concealment that we cannot, even by inference, construe the indictment as charging that the concealment of the property was for that purpose or with the intent to conceal the commission of the crime from the magistrate. The decisions in this state and elsewhere seem to hold that receiving or concealing stolen property constitutes an entirely different offense: Pen. Code, sec. 496; People v. Hawkins, 34 Cal. 182; People v. Stakem, 40 Cal. 601; People v. Fagan, 98 Cal. 234, 33 Pac. 60; Bishop's Criminal Law, sec. 699; 24 Am. & Eng. Ency. of Law, p. 48. Then, too, such concealment might have been for the purpose denounced as criminal in section 135 of the Penal Code. Where an act mala prohibita may fall within the definition of several offenses, according to the purpose with which it is done, it is essential to the statement of any offense that the intent or purpose of the act be set forth. While it was not contended in argument that the indictment could be sustained on the ground just discussed, we have nevertheless examined the point, with the result above indicated. There was and could be no pretense that the petitioner was charged or could be convicted under section 496

17

of the Penal Code, and hence we pass to the consideration of the vital and most difficult question involved.

The indictment charges that petitioner, after and with full knowledge of the commission of the felony, did conceal its commission from the magistrate, and the question arises whether this bald statement is sufficient to charge petitioner as an accessory. The argument before us clearly indicated that the sole intention was to charge a concealment of the commission of the felony by mere silence or withholding of knowledge from a magistrate. While we would, perhaps, be justified in accepting this construction, which must result in the discharge of the prisoner, we deem it our duty in this kind of a proceeding to determine whether any construction placed upon the language used would support a judgment against the petitioner as accessory to the crime committed by the other party named. In People v. Perales, 141 Cal. 583, 75 Pac. 171, the defendant was charged with an assault by means likely to produce great bodily injury, and the court said: "When, however, the words or terms used in the statute have no technical or precise meaning which of themselves imply the offense, or when the particular facts or acts which shall constitute it are not specified, but from the general language used many things may be done which may constitute an offense, it is then necessary in charging an offense claimed to be embraced within the general language of the statute, to set forth the particular things or acts charged to have been done with reasonable certainty and distinctness, so that the court may determine whether an offense within the statute is charged, or one over which it has jurisdiction."

This rule thus clearly stated has obtained in California for more than fifty years, and, even if we had the right, we would have no inclination to change it: People v. Neil, 91 Cal. 468, 27 Pac. 760; People v. McKenna, 81 Cal. 160, 22 Pac. 488; People v. Washington, 36 Cal. 674; People v. Schwartz, 32 Cal. 165; People v. Wallace, 9 Cal. 32. To charge a person with murder, robbery, grand larceny or being accessory to the commission of either crime would obviously be the statement of a legal conclusion. And an averment that a party concealed the commission of an offense is as obviously the statement of a mere abstract legal proposition. The indictment must show on its face the acts or facts from which the conclusion flows. The concealment of a crime "necessarily includes the element

of some affirmative act,'' and the particular affirmative act constituting the offense must be stated in the indictment, to the end that the court and defendant may know, independently of the conclusion stated, that such act constitutes an offense against the law. If this were not so, then it would be sufficient in all cases to charge an offense in the naked language of the statute, and this has never been, is not now, and in reason never can be the law. The wisdom and justice of the rule concretely stated in People v. Perales, supra, could have no more complete vindication than is afforded by the case before us. The whole tenor of the argument for the people in this proceeding was that the concealment consisted of withholding knowledge of the commission of the felony from a magistrate, and we have seen that mere silence or failure to disclose such knowledge did not constitute one an accessory at common law and does not have that effect under the code.

It follows that the petitioner is entitled to be discharged from custody, and it is so ordered.

We concur: Chipman, P. J; Buckles, J.