[Civ. No. 1639.   Second Appellate District.—February 16, 1915.]

## SAMUEL T. FERGUSON, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF KERN, and the Honorable HOWARD A. PEAIRS, Judge Thereof, Respondents.

PUBLIC OFFICERS—PROCEEDINGS TO REMOVE—CHARGE OF NEGLECT OF DUTY—JUDGMENT NONAPPEALABLE—PROHIBITION.—No appeal lies from a decree and judgment in a proceeding to remove a public officer under section 772 of the Penal Code upon a charge of neglect of official duty, and the accused may have the benefit of a writ of prohibition in a proper case.

ID.—PLEADING—INSUFFICIENT ACCUSATION.—In such a case where the only specific charges of neglect on the part of the petitioner to perform his official duty, as set forth in the accusation, are, first, his failure "to cause the prosecution or the arrest of any persons letting said cribs for the purpose of prostitution"; and, second, his failure to cause the prosecution or arrest of "any of the persons residing therein," the accusation fails to state facts sufficient to constitute a ground for removal of the petitioner.

ID.—PEACE OFFICERS—CONSTABLES—INSTITUTION OF PROCEEDINGS FOR MISDEMEANORS.—A constable is a peace officer and as to public offenses of the degrees of misdemeanors he has no authority to make arrests unless armed with a warrant save and except in those cases where the offense is committed in his presence; and while the statute provides that in prosecutions for keeping a house of prostitution, common repute may be received as competent evidence of the character of the house and the women resorting to it, the failure of a constable to act upon such common repute in arresting the keeper or inmates thereof does not constitute a neglect of his official duty, although it might excuse such action if he did arrest them.

APPLICATION originally made in the District Court of Appeal for the Second Appellate District for a Writ of Prohibition.

The facts are stated in the opinion of the court.

Borton & Theile, for Appellant.

Kaye & Siemon, for Respondents.

James F. Farraher, *Amicus Curiae.*

SHAW, J.—While petitioner held the office of constable of the sixteenth township of the county of Kern, an accusation

was filed against him in the superior court of that county by J. C. Barrett under the provisions of section 772 of the Penal Code, purporting to charge him with neglect in the performance of the official duties pertaining to his office, and praying for his removal as such officer and that he be adjudged to pay the relator the sum of five hundred dollars as in said section provided. The accusation at length is as follows:

"That at and in said sixteenth township of the county of Kern there is now and has been for more than two years last past a certain place known as Boust City, which has been and is now inhabited by a large number of women and girls who have been and now are living in houses of prostitution or cribs and maintaining and keeping said places as disorderly houses or houses of ill-fame; that such houses have been resorted to by divers and sundry persons for the purpose of prostitution and lewdness; that such places have been conducted openly and notoriously, and within the knowledge and in open view of a large number of persons residing in the city of Taft and in said township; that public dance halls are maintained and kept at such places by numerous persons, which said dance halls are kept and maintained as an adjunct to and in connection with the said houses of prostitution; that said dance halls have been carried on and conducted in a noisy, offensive, and indecent manner, so that the music and the hallooing and yelling which has from time to time emitted or arisen from such places has been heard a long distance therefrom, and that said dance halls and houses of prostitution have been conducted in such a manner that the peace and quiet of the neighborhood has been and is constantly disturbed thereby; that said houses of prostitution consist of small buildings commonly known as cribs, and have been built and erected for the purpose of prostitution and lewdness; that the women and girls who inhabit the same and reside therein conduct themselves in a vile and indecent manner, by using vile, profane and indecent language, and by dressing and clothing themselves in vile, suggestive and lewd clothing, and by indulging in the excessive use of intoxicating drinks; that a number of saloons are conducted and maintained by divers persons in said Boust City, and that said saloons are frequented and resorted to by female prostitutes and by the hangers-on of said Boust City, and the

partners and accomplices of the said women and girls so living and residing in said houses of prostitution; that the said cribs have been erected and leased and are now being leased by one E. J. Boust, for the purpose and with the intent that the same shall be occupied as houses of prostitution.

"That the defendant has now, and has at all times within two years last past had knowledge of all the facts in the paragraph last above alleged, and has on divers and sundry occasions been present at said Boust City, and has seen women and girls living and residing in houses of prostitution, and has seen the said dance halls conducted and carried on in the manner last above alleged, and has at all time had knowledge of said condition of affairs, but he has at all times failed, refused and neglected, and still fails, refuses and neglects to cause the prosecution or the arrest of any of the persons letting said cribs for the purpose of prostitution, or any of the persons residing therein.''

Respondent, who is petitioner here, interposed a demurrer upon the ground, among others, that said accusation failed to state facts sufficient to constitute a ground for removal from office under section 772 of the Penal Code. This demurrer was overruled; whereupon the respondent filed an answer and the court proceeded with the trial of the case. After the evidence had been introduced and before the making of findings and the rendition of any decree or judgment therein, the respondent applied to this court for a writ of prohibition to be directed to the superior court of Kern County and the Honorable Howard A. Peairs, judge of said court, prohibiting him from any further proceeding in said matter.

The theory upon which petitioner insists upon the issuance of the writ is that, notwithstanding the fact that the accusation fails to allege any neglect of official duty pertaining to the office, without which it is claimed the court has no jurisdiction to entertain the proceeding, the court threatens to, and will unless prohibited from so doing, render a decree removing him from office and enter a judgment against him for five hundred dollars in favor of said J. C. Barrett, as informer. That no appeal lies from a decree and judgment in such a proceeding, is directly adjudicated in the case of *In re Curtis,* 108 Cal. 661, [41 Pac. 793] ; and that an accused may have the benefit of the writ of prohibition in a proper case, is determined in the cases of *Siebe* v. *Superior Court,*

114 Cal. 551, [46 Pac. 456], and *Glide* v. *Superior Court,* 147 Cal. 21, [81 Pac. 225].

While the accusation proceeds at length in setting forth a deplorable condition as to vice and depravity existing in "Boust City," the only specific charges of neglect on the part of petitioner to perform his official duty, as set forth in the accusation, are, first, his failure "to cause the prosecution or the arrest of any persons letting said cribs for the purpose of prostitution"; and, second, his failure to cause the prosecution or arrest of "any of the persons residing therein."

Section 316 of the Penal Code provides that, "every person who lets any apartment or tenement, knowing that it is to be used for the purpose of assignation or prostitution, is guilty of a misdemeanor"; and section 315 of the Penal Code, provides that "Every person who keeps a house of ill-fame in this state, resorted to for the purposes of prostitution, . . . or who willfully resides in such house, is guilty of a misdemeanor." We are not directed to any provision of law which imposes upon a constable the duty of instituting proceedings for the prosecution of public offenders committing misdemeanors. Such proceedings are instituted by the filing of verified complaints with a magistrate, and no greater duty in this regard devolves upon a constable as such than upon a private citizen, unless where an offense is attempted or committed in his presence. Hence, his failure to cause the prosecution of these persons who were guilty, according to the accusation, of a misdemeanor, constituted no neglect of his official duty.

A constable is a peace officer and as to public offenses of the degree of misdemeanors he has no authority to make arrests unless armed with a warrant, save and except in those cases where the offense is committed in his presence. (Pen. Code, sec. 836.) It is not alleged that the women residing in said houses of prostitution were, in the language of the statute, "willfully residing therein." On the contrary, from aught that appears, their presence there may have been due to duress or other causes showing an entire absence of the element of willfulness necessary to constitute the offense and which might excuse such residence. Conceding that such fact might constitute some other and more serious offense,

petitioner is not charged with a knowledge of the commission of said offense.

Prostitution means common, indiscriminate, illicit intercourse for hire. It is the practice by a female in offering her body to an indiscriminate intercourse with men for money or its equivalent. While the statute, section 315 of the Penal Code, provides that in prosecutions for keeping a house of prostitution, common repute may be received as competent evidence of the character of the house and the women resorting to it, nevertheless the failure of a constable to act upon such common repute in arresting the keeper or inmates thereof would not constitute a neglect of his official duties, although it might excuse such action if he did arrest them. Necessarily a large discretion must be vested in a peace officer in making an arrest without a warrant. Having the power to disperse mobs and otherwise preserve the peace, it follows that he may enforce his orders by making arrests as a necessary means of performing such duty, but it is improbable that two officers would exercise equal leniency or manifest the same degree of patience or discretion before making arrests in enforcing their orders.

Respondents cite the case of *People* v. *Craig*, 152 Cal. 42, [91 Pac. 997], wherein the supreme court justified the act of an officer without a warrant in making an arrest of a vagrant who resisted to the extent of committing a grievous assault upon the officer, it being there held that, "if he (the officer) could testify from actual knowledge to every element of the offense, the offense must have been committed in his presence." It does not follow that because an officer may without process be justified or excused by reason of information upon which he acts in making arrests for misdemeanors, such as vagrancy, prostitution, and the letting of houses for prostitution, a failure to act upon the same information would constitute a misdemeanor on the part of the officer for neglect of official duty. We cannot believe that the supreme court in the Craig case would, under the circumstances there existing, have upheld a decree of ouster had the officer neglected to make the arrest for vagrancy.

Such offenses as vagrancy, prostitution, and (usually) the letting of houses for prostitution, depend for their criminal character, not upon a single act, but upon a series of acts extending over a considerable period of time and are crim-

inal offenses because of their continuance and repetition. From the very nature of the offense of letting a house for prostitution and the conducting of prostitution therein, such offenses are rarely, if ever, committed in the presence of the officer; and while he may have had, as a result of information obtained from various sources an acquaintance with the fact, and hence in a limited sense knowledge, of the commission of such offenses, nevertheless the act which would require, as a positive official duty, the making of an arrest without a warrant was not committed in his presence. While an officer may be justified, or at least excused, for making a raid and arresting the inmates of a reputed house of prostitution, nevertheless he does so at his own risk. "Making, as we are disposed to make, all proper allowance for zeal of police officers [or other officers] in dealing with persons who are supposed to be bad members of society, it is the duty of all courts to prevent good or bad citizens from being unlawfully molested. Official illegality is quite as reprehensible as private violations of law. The law of the land must be accepted by every one as the only rule which can be allowed to govern the liberties of citizens, whatever may be their ill desert." (*Sarah Way's Case,* 41 Mich. 299, [1 N. W. 1021].)

In this case respondents have presented the written opinion of the trial court wherein much of the evidence upon which its conclusion was based is set forth, and it is apparent that the court acted, not upon the theory that the misdemeanors had been committed in the presence of the officer, but that he was acquainted with facts from which the natural inference to be drawn was that the offenses were being committed and that knowledge of such facts required him to arrest or cause the prosecution of the inmates.

We cannot subscribe to the proposition that the failure of an officer without process to make an arrest under such circumstances, or to swear to a complaint and cause the prosecution of the offenders, constitutes a misdemeanor, to wit: neglect of official duties, for which he may be removed from office. Under such circumstances, to subject him to a prosecution under the provisions of section 772 of the Penal Code, at the relation of one seeking to recover the five hundred dollars penalty provided therein, would not only impose unnecessary and intolerable burdens, but strip him of all

discretion in the making of arrests for misdemeanors, and require him at his peril to make arrests of vagrants, prostitutes, and inmates of houses of prostitution upon common repute or information. We are not disposed to criticise officers for their zeal in dealing with persons who are bad members of society; on the contrary, they are to be commended for such zeal. On the other hand, where such offenders may be dealt with under process issued by the court upon a complaint presented by any citizen having regard for the welfare of the community, the action of the officer in making an arrest for such offenses without a warrant must be left largely to his discretion.

It is ordered that the peremptory writ issue as prayed for.

Conrey, P. J., and James, J., concurred.