[Civ. No. 2870.   Second Appellate District, Division Two.—March 13, 1919.]

## W. C. DORRIS, Respondent, v. JAMES McKAMY et al., Appellants.

[1] APPEAL—ORDER DENYING NEW TRIAL—DISMISSAL.—An attempted appeal from an order denying a motion for a new trial must be dismissed where the notice of appeal therefrom was filed after section 963 of the Code of Civil Procedure was amended in 1915.

[2] PUBLIC OFFICERS — PROCEEDING FOR REMOVAL — ACCUSATION UNDER SECTION 772, PENAL CODE.—An accusation presented under section 772 of the Penal Code is an accusation of a public offense, to wit, neglect of official duties, or misfeasance in office, the proceeding being criminal, and, in its nature, a prosecution for crime, the penalty wherefor is removal from office, and a fine of five hundred dollars that goes to the informer.

[3] ID.—INSUFFICIENT ACCUSATION—WANT OF JURISDICTION.—If an accusation filed against a public officer under section 772 of the Penal Code wholly fails to state a case sufficient to constitute an offense

under the criminal law of the state, the court is without jurisdiction, and the sentence or judgment is void, and subject to collateral attack.

[4] Id.—Offense not Charged in Accusation.—An accusation by a private citizen against a city marshal, filed pursuant to section 772 of the Penal Code, for neglect in the performance of official duty, fails to state facts constituting an offense known to the criminal law of this state, where it is alleged that he failed to cause the arrest or prosecution of women whom he knew were occupying and living in houses of prostitution openly and notoriously, and dressing and conducting themselves in a vile and indecent manner, no warrant for their arrest having been delivered to him, and the crime not having been committed in his presence.

[5] Id.—Removal of Peace Officer—Failure to Arrest for Misdemeanor—Essential Facts.—Where it is sought to remove a peace officer from his office upon the ground that he "has refused or neglected to perform the official duties pertaining to his office," in that he has refused or neglected to arrest, for a crime amounting to a misdemeanor only, some person whom, it is claimed, it was his duty to arrest—no warrant for such arrest having been issued—two things are essential: (1) That the person whom it is claimed should have been arrested committed or attempted to commit a misdemeanor; and (2) that the misdemeanor was committed or attempted to be committed in the officer's presence.

[6] Id.—Charge That Officer "Permits" Commission of Misdemeanors—Affirmative Acts not Implied.—An allegation in an accusation by a private citizen whereby it is sought to remove a city marshal from office, pursuant to the provision of section 772 of the Penal Code, that such officer "permits" certain persons to commit certain alleged misdemeanors, amounts to no more than that having received no warrant issued upon a complaint sworn to by some person moved thereto by a proper sense of civic duty, and not having seen "committed in his presence" any acts sufficient to constitute any of the offenses denounced by the Penal Code, he made no arrests.

APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

Matthew S. Platz for Appellants.

Alfred Siemon for Respondent.

FINLAYSON, P. J.—This is a creditor's suit to set aside a conveyance, executed by defendant McKamy to defendant

Keester, alleged to have been made with intent to hinder and delay plaintiff in collecting a judgment for five hundred dollars that had been given and made in his favor against McKamy in a proceeding under section 772 of the Penal Code to oust the latter from his office of city marshal of the city of Bakersfield—a proceeding wherein plaintiff here was the informer. From a judgment in favor of plaintiff adjudging that the conveyance to Keester was fraudulent and void and setting it aside, and likewise from an order denying their motion for a new trial, defendants have appealed.

[1] Notice of appeal from the order denying the motion for a new trial having been filed after section 963 of the Code of Civil Procedure had been amendel in 1915, [Stats. 1915, p. 209], the attempted appeal therefrom must be dismissed.

Respondent's right to the relief he here seeks depends upon whether he is a judgment creditor of McKamy, the grantor in the conveyance sought to be set aside. Whether he is such a creditor, or even a general creditor of McKamy, depends upon the validity of the judgment in the ouster proceeding, wherein the superior court of Kern County adjudged that McKamy be deprived of his office as city marshal of Bakersfield and that the informer, W. C. Dorris, the respondent here, recover of and from McKamy the sum of five hundred dollars.

Section 772 of the Penal Code authorizes the superior court to entertain an accusation made under oath by a private citizen against an official within its jurisdiction, charging him with having collected illegal fees or with having refused or neglected to perform the official duties pertaining to his office; and on conviction the court must enter a decree that the accused be deprived of his office, and give judgment for five hundred dollars in favor of the informer. [2] An accusation presented under this section of the Penal Code is an accusation of a public offense, to wit, neglect of official duties, or misfeasance in office. The proceeding is a criminal proceeding, and, in its nature, a prosecution for crime, the penalty wherefor is removal from office and a fine of five hundred dollars that goes to the informer. (*In re Curtis,* 108 Cal. 661, [41 Pac. 793]; *Wheeler* v. *Donnell,* 110 Cal. 655, [43 Pac. 1]; *People* v. *McKamy,* 168 Cal. 531, [143 Pac. 752].)

[3] If the verified accusation against McKamy wholly failed to state a case sufficient to constitute an offense under

the criminal law of the state, the court was without jurisdiction in the proceeding to oust him from office, and the judgment for five hundred dollars in favor of the respondent here—a *sine qua non* to his right to the relief here sought by him—was a nullity.

Courts derive their jurisdiction from the law. In criminal cases their jurisdiction extends to such matters as the law has declared criminal, and none other; and when they undertake to punish for an offense to which no criminality attaches, however reprehensible such offense may be *in foro conscientiae,* they act beyond their jurisdiction. (*In re Corryell,* 22 Cal. 178.) Hence the rule is that if an indictment, information, or written accusation—the very groundwork of the whole superstructure thereafter to be built thereon—charges or purports to charge acts which do not constitute any crime known to the law, the court is without jurisdiction, and the sentence or judgment is subject to collateral attack, as, for instance, in a *habeas corpus* proceeding. (*In re Corryell, supra; Ex parte Harrold,* 47 Cal. 129; *Ex parte Kearny,* 55 Cal. 212; *In re Kowalsky,* 73 Cal. 121, [14 Pac. 399]; *Ex parte McNulty,* 77 Cal. 164, [11 Am. St. Rep. 257, 19 Pac. 237]; *Ex parte Goldman,* 7 Cal. Unrep. 254, [88 Pac. 819]; *Hutton* v. *Superior Court,* 147 Cal. 156, [81 Pac. 409]; *In re Worthington,* 21 Cal. App. 497, [132 Pac. 82]; *In re Wilson,* 30 Cal. App. 567, [158 Pac. 1050]; *Siebe* v. *Superior Court,* 114 Cal. 551, [46 Pac. 456]; *Ferguson* v. *Superior Court,* 26 Cal. App. 554, [147 Pac. 603]; *Ex parte Neet,* 157 Mo. 527, [80 Am. St. Rep. 638, 57 S. W. 1025]; *Ex parte Show,* 4 Okl. Cr. 416, [113 Pac. 1062]; *Ex parte Beall,* 28 Okl. 445, [114 Pac. 724]; *Ex parte Roquemore,* 60 Tex. Cr. 282, [32 L. R. A. (N. S.) 1186, 131 S. W. 1101].) In *Siebe* v. *Superior Court, supra,* speaking of an accusation filed under section 772 of the Penal Code, the court said: " . . . and unless the accusation charges the officer with a violation of his official duties in respect to one or the other of these particulars, *the court has no jurisdiction in the matter."* (The italics are ours.) In *Ex parte Harrold,* 47 Cal. 129, the petitioner for the writ of *habeas corpus* had been tried and found guilty as alleged in an indictment charging him with "willfully omitting as a public officer to perform a duty enjoined by law upon him." It was charged in the indictment that he had failed to reside at the county seat. It was contended by the attorney-

general that this was a ''willful omission to perform a duty enjoined by law upon a public officer,'' within the meaning of section 176 of the Penal Code.    It was held that the failure to reside at the county seat was not an ''omission to perform any duty enjoined by law upon a public officer,'' and that, therefore, the indictment did not charge any offense.    Because the facts set forth in the indictment did not constitute any crime known to the law, it was held that the petitioner was entitled to his discharge.    In *Ferguson* v. *Superior Court,* 26 Cal. App. 554, [147 Pac. 603], it was held that if an accusation under section 772 of the Penal Code does not state facts sufficient to constitute a ground for the officer's removal, the court is without jurisdiction to entertain the proceeding, and the officer is entitled to a writ of prohibition restraining the trial court from proceeding further in the matter.    The rule is clearly and concisely stated by the Montana supreme court as follows: ''If an information states facts which do not constitute any crime known to the law, or undertakes to state such an offense, but the facts stated do not constitute the offense, and no addition to them, however full and complete, can supply what is essential, then the court is without jurisdiction to put the complainant on trial.    In such case the judgment cannot be corrected.    It is simply void.'' (*In re Farrell,* 36 Mont. 254, [92 Pac. 785].)    In *Ex parte Ruef,* 150 Cal. 665, [89 Pac. 605], the court, recognizing a distinction between proceedings in courts of inferior as distinguished from courts of general jurisdiction, held that, where the criminal proceeding is one pending in a court of general jurisdiction and the indictment or information purports or attempts to state an offense of a kind of which the court has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on a collateral attack.    As we understand this statement of the rule, it amounts practically to this: If it can be deduced from the accusation that the prosecutor intended to charge an act or an omission which is a crime known to the law, the court has jurisdiction and *habeas corpus* will not lie, however defectively the act or omission be described.    But if the act or omission charged or attempted to be charged as an offense is not a crime known to the law, then the court is without jurisdiction, and its judgment a nullity.    We think the only conclusion that is consistent with the weight of authority and the

decisions of our own supreme court is that if the accusation filed against McKamy states facts which do not constitute any crime known to the law of this state, the court was without jurisdiction, and its judgment void.

Did the accusation state facts that constitute any offense known to the criminal law of this state? [4] We think not. It did not differ in any material respect from that held to be insufficient in *Ferguson* v. *Superior Court,* 26 Cal. App. 554, [147 Pac. 603].

The written accusation presented to the superior court for McKamy's removal from office alleges that, at the times therein mentioned, he was the city marshal of Bakersfield; that in that city there was at that time a large number of women living in houses of prostitution or cribs, maintaining or keeping said places as disorderly houses or houses of ill-fame; that such houses had been resorted to by divers and sundry persons for the purposes of prostitution; and that such women kept such places as houses of ill-fame for the purposes of prostitution. Then follows, in paragraph III, a description of the houses or cribs, and the allegation that "such places have been erected, maintained, leased, and let" for the purposes of prostitution and lewdness, and that "the occupancy and living in said houses" by said women "has been open and notorious," and that the women in said places "dress and conduct themselves in a vile and indecent manner, as follows: That said women and girls will leave said cribs and solicit, entice, and invite those passing thereby to visit them therein for the purposes of prostitution and lewdness." Then follows paragraph IV, which is as follows: "That during all of the times above mentioned, said defendant James McKamy has had knowledge of the fact that said women were doing the things and performing the acts as in the paragraph last hereinbefore alleged [i. e., the third paragraph], and that he has failed, refused, and neglected, and still fails, refuses, and neglects to cause the arrest or prosecution of the said women, or any of them, for said acts, but permits them to occupy the said cribs as hereinabove alleged, without molestation or force against them."

Nowhere in the accusation is it alleged, nor is it even claimed, that any warrant was ever delivered to McKamy for the arrest of any of the persons referred to in the accusation. The offenses which the accusation attempts to allege were

committed by the women whom McKamy failed to arrest were misdemeanors only. (Pen. Code, secs. 315, 316, 318.)

In *Ferguson* v. *Superior Court*, 26 Cal. App. 554, [147 Pac. 603], it is held that where the only special charges of neglect on the part of the officer to perform his official duties are, first, his failure "to cause the prosecution or the arrest of any persons letting cribs for the purposes of prostitution," and second, his failure to cause the prosecution or arrest of "any of the persons residing therein," the accusation fails to state facts sufficient to constitute a ground for the officer's removal. It was held in that case that the accusation was insufficient to give the court jurisdiction to remove the officer, even though it alleged that he had knowledge of all the facts respecting such letting of the cribs and residence therein; and that, while the code provides that in prosecutions for keeping a house of prostitution, common repute may be received as independent evidence of the character of the house and the women resorting to it, the failure of a peace officer to act upon such common repute in arresting the keeper or the inmates thereof does not constitute a neglect of official duty, although it might excuse such action if he did arrest them.

[5] Where, as in the accusation in question here, it is sought to remove a peace officer from his office upon the ground that he "has refused or neglected to perform the official duties pertaining to his office," in that he has refused or neglected to arrest, for a crime amounting to a misdemeanor only, some person whom, it is claimed, it was his duty to arrest—no warrant for such arrest having been issued—two things are essential: (1) That the person whom it is claimed should have been arrested committed or attempted to commit a misdemeanor; and (2) that the misdemeanor was committed or attempted to be committed in the officer's presence. A peace officer has authority to make an arrest for a misdemeanor only when he is armed with a warrant or the crime is committed in his presence. (Pen. Code, sec. 836.)

The accusation against McKamy fails to allege, not only that any warrant had been delivered to him, but that any of the women had committed, in his presence, any act sufficient to constitute any offense denounced by any Penal Code section to which our attention has been called. The charge in the accusation is that McKamy "has had knowledge of the

fact that said women were doing the things and performing the acts as *in the paragraph last hereinbefore alleged,*" i. e., paragraph III. The only acts that paragraph III alleges were committed by the women are: 1. Occupying and living in said houses of prostitution openly and notoriously; and 2, Dressing and conducting themselves "in a vile and indecent manner, as follows: That said women and girls will leave said cribs and solicit, entice, and invite those passing thereby to visit them therein for the purposes of prostitution and lewdness." It is not alleged that the women "willfully" lived in or occupied the houses, though the language of section 315 of the Penal Code is that "Every person who . . . *willfully* resides in such house, is guilty of a misdemeanor." As to the alleged soliciting and enticing, it it not alleged that any unmarried female was enticed—the crime denounced by section 266 of the Penal Code—nor that, by reason of such soliciting, enticing, or inviting, any person was "prevailed upon" to visit the room of any of the lewd women—the offense denounced by section 318 of the Penal Code. Our attention has not been called to any other code section making it an offense to solicit, entice, or invite.

An analysis of the language of the accusation whereby it was sought to deprive McKamy of his office discloses that the alleged neglect of official duty with which he was charged was not stated so strongly as in the similar case against Ferguson —the petitioner for the writ in *Ferguson* v. *Superior Court,* 26 Cal. App. 554, [147 Pac. 603]. For the reasons set forth in that case, with which we agree, we hold that the accusation against McKamy did not state facts sufficient to give the court jurisdiction to punish him by depriving him of his office and adjudging that he pay a fine of five hundred dollars to the informer, the plaintiff in this action.

Respondent seeks to differentiate the accusation here in question from that presented against Ferguson by arguing that the accusation against McKamy alleges that he "*permits*" the women "to occupy said cribs as hereinbefore alleged." The word "permit" is a word of considerable elasticity; it lacks clearcut and precise definiteness. As defined by Webster and others, "permit" implies no affirmative act. It involves no intent. It is mere passivity, abstaining from preventative action. (*In re Thomas,* 103 Fed. 272, 274.) **[6]** An allegation that McKamy "permits" the women to occupy

the cribs amounts to no more than that having received no warrant issued upon a complaint sworn to by some person moved thereto by a proper sense of civic duty, and not having seen, "committed in his presence," any acts sufficient to constitute any of the offenses denounced by the Penal Code, he made no arrests.

While, in the light of the facts alleged in the accusation, McKamy's failure to swear to a complaint, as any private citizen might have done, indicates a lack of appreciation of the duties that devolve upon every decent citizen having knowledge of facts sufficient to justify the honest belief that misdemeanors have been committed, nevertheless, as was said in the Ferguson case, "We cannot subscribe to the proposition that the failure of an officer, without process, to make an arrest under such circumstances, or to swear to a complaint and cause the prosecution of the offenders, constitutes a misdemeanor, to wit, neglect of official duties, for which he may be removed from office. Under such circumstances, to subject him to a prosecution under the provisions of section 772 of the Penal Code, at the relation of one seeking to recover the five hundred dollar penalty provided therein, would not only impose unnecessary and intolerable burdens, but strip him of all discretion in the making of arrests for misdemeanors, and require him at his peril to make arrests of vagrants, prostitutes, and inmates of houses of prostitution upon common repute or information."

The accusation here in question is not simply a case where the document has been inartificially drawn, or a case where it intimates the existence of facts necessary to the constitution of the offense denounced by section 772 of the Penal Code, or even an attempted statement, insufficient, but indicating a purpose to declare on the essential facts. There is here a total failure to allege any offense for which McKamy may be punished by removal from office; and that the court was without jurisdiction and the judgment a nullity is the only conclusion that accords with such cases as *Ex parte Harrold*, 47 Cal. 129; *Siebe* v. *Superior Court*, 114 Cal. 551, [46 Pac. 456], and *Ferguson* v. *Superior Court*, 26 Cal. App. 554, [147 Pac. 603]. Tested by the rulings in those cases, the accusation was not merely defective, or technically insufficient, not merely demurrable or subject to a motion to quash, but, in the language of *Ex parte Show*, 4 Okl. Cr. 416, [113 Pac. 1062], "it was

elementally and fundamentally defective in substance, so that it charged a crime in no manner or form and by no intendment.''

For these reasons we hold that respondent never was a creditor of McKamy.

Other points are made, but what' has been said is sufficient to dispose of the appeal.

The appeal from the order denying the motion for a new trial is dismissed.

Judgment reversed.

Sloane, J., and Thomas, J., concurred.