# Hargis v. Commonwealth.

Oct. 22, 1940.

J. S. Sandusky, Judge.

N. W. Klein for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The grand jury of Pulaski county indicted William Hargis for obstructing public justice, a common law misdemeanor. On his trial he was convicted and his punishment fixed at a fine of $50 and five days' imprisonment in the county jail. He has prayed an appeal, and seeks a reversal because the trial court erred in two respects: (1) In overruling his demurrer to the indictment; and (2) in overruling his motion for a directed verdict of acquittal at the conclusion of all the evidence. Both grounds will have to be sustained.

The indictment charged that the accused "did unlawfully commit the offense of obstructing public justice at a time when Ralph Gann was being searched for by the officers of the law and at a time when said officers were in about 60 ft. of said Gann, the defendant took the said Ralph Gann into his automobile and escaped the officers with said Gann and thereby prevented said officers from placing said Gann under arrest." The indictment failed to charge that the accused knew that the officers were searching for Ralph Gann for the pur-

pose of arresting him or that he took Gann away in his automobile with the intention of assisting Gann to escape. The proof also failed to show that appellant knew Gann had committed any offense or that the officers were searching for him. Gann had been drinking and had engaged in a difficulty with his wife at his home. He left his home and went to a poolroom in Somerset where he saw appellant and asked him to drive him to the country. He had committed no offense in the presence of the officers, and no warrant had been issued for his arrest. There is no proof of the existence of the essential elements of the offense for which appellant was tried. The Attorney General concedes that the judgment should be reversed.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed for proceedings consistent herewith.