## BROWN v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 16, 1953.

As Modified on Denial of Rehearing
Jan. 22, 1954.

L. C. Lawrence, Jamestown, Hollis Edmonds, Russell Springs, for appellant.

J. D. Buckman, Jr., Atty. Gen., H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

Harlan Brown was indicted by the Russell County grand jury for obstructing public justice, a common law misdemeanor. He was convicted on October 8, 1952, and his punishment fixed at a fine of $150 and 30 days in jail. Among other reasons, he seeks a reversal of the judgment upon the ground that the court erred in overruling his demurrer to the indictment.

On April 9, 1952, the sheriff of Russell County received a search warrant issued by the judge of the Russell County Court directing him to search an automobile. The automobile was specifically described in the warrant as being in the possession of Treva Langdon and as a "1951 Ford, two door, two tone color, license 675-893, Russell County, Kentucky." The warrant further directed that if the sheriff discovered any intoxicating liquors in the car he should seize the automobile, arrest Treva Langdon, and bring her before the court. The sheriff and one of his deputies drove to the filling station of Treva Langdon and Harlan Brown, the appellant, for the purpose of executing the warrant. When they arrived there they discovered that the description contained in the warrant as to the automobile to be searched was identical in every respect to the automobile in the possession of Treva Langdon, found on Treva Langdon's premises, with the exception that the license number of the automobile was not the same as that given in the warrant. The license number of the automobile which answered the des-

cription in the warrant was actually the license number assigned to a Lincoln automobile once owned by the appellant, Harlan Brown, co-operator of the filling station with Treva Langdon. Not knowing whether he had the right to search it because of the discrepancy of license numbers in the warrant, the sheriff arranged to accompany Treva Langdon and appellant in her automobile to the courthouse in order that a check on the license number could be made, the deputy sheriff trailing them in his automobile. The sheriff parked the car at the courthouse in Jamestown and took the ignition key. Neither Treva Langdon nor the appellant were under arrest at the time. Their arrest, if any, depended upon the result of the search. The sheriff and his deputy entered the courthouse, and during his absence Harlan Brown drove away with the car. The appellant admitted that he knew the car was going to be searched, but excused his action in driving off by saying that he had gone to Russell Springs to obtain medical attention after being unsuccessful in seeing a doctor in Jamestown. Later, when the search was actually made of the automobile, pursuant to the warrant, several gallons of motor oil were all that was found.

The indictment charged the appellant with the offense of obstructing justice and used the following language:

"Did unlawfully and wilfully commit the offense of obstructing justice by taking and driving an automobile from the custody of Joe Murray, the duly and legally elected, qualified, and acting sheriff of Russell County, Kentucky, at a time when the said automobile was in the process of being searched under lawful authority, and this without the consent and authority of the said sheriff of Russell County, thereby preventing said search of said automobile."

It is apparent that the indictment failed to charge specifically that the appellant had knowledge that the automobile was in the custody of the sheriff and was in the

process of being searched, pursuant to the warrant, and further that the appellant, for the purpose of preventing the sheriff from making the search, drove the car away.

The appellant contends that his indictment comes squarely within our ruling in Hargis v. Commonwealth, 284 Ky. 174, 144 S.W.2d 214, 215, wherein the indictment charged that the accused "did unlawfully commit the offense of obstructing public justice at a time when Ralph Gann was being searched for by the officers of the law and at a time when said officers were in about 60 ft. of said Gann, the defendant took the said Ralph Gann into his automobile and escaped the officers with said Gann and thereby prevented said officers from placing said Gann under arrest." In the Hargis case the indictment failed to charge that the accused knew that the officers were searching for Gann for the purpose of arresting him or that Hargis took Gann away in his automobile for the purpose of helping Gann escape. Gann had committed no offense in the presence of the officers or Hargis, and no warrant had been issued for his arrest. Gann was drunk and had asked Hargis to drive him away. We remarked in the opinion that "there is no *proof* of the existence of the essential elements of the offense for which appellant was tried." In so far as the Hargis case conflicts with this case, it is overruled. In Settles v. Commonwealth, 294 Ky. 403, 171 S.W.2d 999, also relied on by appellant, we simply held that where the indictment did not charge that Settles transported intoxicating liquors in local option territory for sale, loan or barter in accordance with the governing statute, KRS 242.230, no public offense was charged, and the sufficiency of the indictment could be raised by motion for a directed verdict at the conclusion of the Commonwealth's evidence. Despite its syllabus, our Hargis opinion turned on the *proof* not on the indictment.

In the case at bar, the indictment alleged that the accused "wilfully" did what he did when the car was in the "custody" of the sheriff. While the indictment is

not artfully drawn, we do not believe this is material, because it nevertheless charged the public offense of "obstructing justice" and specified the time and circumstances with sufficient accuracy to apprise the accused so that he would not be misled as to the charge against him. Furthermore, the proof adduced against him established his full knowledge of all the circumstances and is sufficient to sustain his conviction if we conclude that the sheriff legally had custody of the automobile as charged in the indictment.

The execution of a search warrant takes time. It is conceivable that a search of an automobile could not be had without damaging the vehicle unless it were towed to a garage where facilities for opening it were available. The trip to the garage would be part of the process of search. In the case at bar, the sheriff was armed with a valid warrant which contained a slight inaccuracy, an inaccuracy caused by the appellant's using license plates which did not belong on his automobile. Awed by what he had heard of the technical aspects of the law of search and seizure, the sheriff was cautious; he wondered whether he had the proper authorization or facility for opening the car. In a sense, he "towed" Treva, the appellant and the car to the courthouse at Jamestown. While their acquiescence in the trip may not have been obtained under the most favorable auspices, there is no record of their protest, but instead there is their admission that they understood its purpose. The sheriff had the authority ab initio to search the car, and legally he was in the process of accomplishing it when so unceremoniously interrupted by the piratical foray of the appellant. The law often moves slowly, but it is a weighty slowness which can flatten out obstructions. The appellant's conduct clearly was an obstruction.

This is not a case which requires us to write an opinion, but because of the questions raised it is the consensus of the court that an opinion should be written.

The judgment is affirmed.