The People of the State of New York, Respondent, *v.* Peter De Felice, Appellant.

Fourth Department, October 28, 1953.

*Wallace J. Stakel, District Attorney,* for respondent.

*Albert J. Waterman* for appellant.

Wheeler, J. The defendant, Peter De Felice, has been convicted of the crime of destroying evidence, in violation of section 812 of the Penal Law.

For the purpose of our decision it will be unnecessary to make any detailed or extended comment on the evidence as the material facts are. not in serious dispute. The alleged crime for which the defendant was convicted arose in connection with the death of Donald Heywood in a hunting accident. The body was found in the woods, with a shotgun wound which was the cause of death. During the investigation which followed, several other hunters, including the defendant, Peter

De Felice, were interviewed by the police. One Gasper De Felice, a neighbor of the deceased and a nephew of the defendant, had hunted in the same vicinity and had fired his 410 Mossberg shotgun in the direction of where the body of Mr. Heywood was found. Although the death was determined to be accidental and no criminal charges were ever preferred against anyone, Gasper De Felice was unquestionably disturbed by the fear that it might have been his shot which caused the fatality. Following the interview with the police, defendant obtained the gun from his nephew, who apparently was anxious to have it disposed of. The defendant, in the early hours of the morning, drove twenty-two miles to a point where he threw the stock into the river, returned to his home, sawed the barrel in sections with a hack saw, and buried the same in the ground. However, on the following day portions of the gun were recovered by the police and identified as the 410 Mossberg shotgun owned by Gasper De Felice.

The evidence as disclosed by this record, especially that which points to the surreptitious manner in which the gun was mutilated and concealed convinces us that the jury would have been justified in finding that the defendant willfully secreted and attempted to destroy the gun. We would have no difficulty in affirming the conviction were it not for what appears to us to be a serious statutory deficiency. Section 812 of the Penal Law provides:

" § 812. *Destroying evidence.*

" A person who, knowing that a book, paper, record, instrument in writing, or other matter or thing, is or may be required in evidence, or on a motion, upon any trial, hearing, inquiry, investigation, or other proceeding, authorized by law, wilfully destroys the same, with intent thereby to prevent the same from being produced, is guilty of a misdemeanor."

It will be noted that the specific language used in the statute limits the offense to a *destruction*, not a *concealment*, of the instrument or thing in question. While we agree that this defendant did a thorough job of attempting to destroy or to secrete the gun, he was not charged with, nor did the statute prohibit the attempt to destroy or secrete the weapon. Of course, the defendant could have been convicted of an *attempt* to commit the crime charged (Penal Law, § 610), but this result did not obtain. True, the gun was rendered useless for the purpose for which it was manufactured, but it was by no means rendered useless or effectively destroyed for evidentiary purposes. The statute was not designed to prevent the destruc-

tion of a thing for its intended use but, on the contrary, to prevent such a destruction as would make it unavailable as evidence. It would be a startling inconsistency to hold that the gun had been destroyed as evidence in the face of the proven fact that the material parts thereof were recovered, identified and used in the investigation. (Cf. *Pitkunas* v. *State of Wisconsin,* 183 Wis. 90.) We, therefore, conclude that the gun in question was not destroyed within the meaning and purview of the statute.

It is obvious that the drafters of this statute, through inadvertence or otherwise, neglected to provide a penalty for concealing, as well as the destruction of evidence. (Cf. Penal Code of California, § 135 and Arizona Code, § 43–3904.) These cited statutes, among others in various jurisdictions, are very similar to section 812 except that in each there appear the words " wilfully *destroys or conceals* the same ". (Emphasis supplied.) In our opinion, this apparent statutory deficiency merits legislative consideration.

For the reasons herein stated, we conclude that the judgment of conviction should be reversed and the indictment dismissed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment of conviction reversed on the law and facts and indictment dismissed.