THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FER-
NANDO OLIVENCIA ROMÁN, Defendant and Appellant.

No. CR-69-32.     Decided October 17, 1969.

A. *Nazario Janer* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Appellant was accused and convicted of the violation of § 128 of the Penal Code, consisting in having prepared a forged urine sample in substitution of the one taken from policeman Ponce Orama, to determine the volume of alcohol in the blood; with the purpose of presenting it as genuine in a proceeding or investigation authorized by law.

On appeal to this Court he reiterates his contention, denied by the trial court, to the effect that the provisions of § 128 of the Penal Code refer exclusively to written evidence. The Solicitor General accepted mistakenly, in our opinion, the reversal of the judgment. In support of his position he limits himself to invoke the hermeneutical principle of word association (*noscitur a sociis*) and the rule of *ejusdem generis,* and to point out that since the penal statute should be restrictively interpreted in favor of the defendant, the urine forgery in this case does not fall within the provisions of § 128 of the Penal Code in force. We do not agree with the applicability of this reasoning to the facts of the case at bar. We conclude that the judgment in this case should be affirmed.

Under the subject of obstruction of justice there are three provisions in the Penal Code in force concerning the falsification, destruction or concealment of evidence to be presented in a trial, proceeding, information or investigation. They are the following:

Section 126—33 L.P.R.A. § 461.

"Every person who, upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law, offers in evidence, as genuine or true, any book, paper, document, record,

or other instrument in writing, knowing the same to have been forged, or fraudulently altered or antedated, is guilty of felony."

Section 128—33 L.P.R.A. § 463.

"Every person guilty of preparing any false or antedated book, paper, record, instrument in writing, or other matter or thing, with intent to produce it, or allow it to be produced for any fraudulent or deceitful purpose, as genuine or true, upon any trial, proceeding, or inquiry whatever, authorized by law, is guilty of felony."

Section 129—33 L.P.R.A. § 464.

"Every person who, knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, wilfully destroys or conceals the same, with intent thereby to prevent it from being produced, is guilty of a misdemeanor."

The aforesaid § 126 clearly refers to the presentation of documentary evidence, to instruments in writing. It does not include any other type of evidence. Section 128 which deals with the preparation of false or antedated evidence makes an enumeration similar to the previous one of different types of written evidence but it adds at the end of the aforesaid enumeration the words "*u otro objeto*" which in the English text of said Code, as taken from that of California reads: "or other matter or thing." The enumeration, however, is described or classified by the adjectives "false or antedated."

Section 129 covers the destruction or concealment of evidence. It makes an enumeration identical with that provided in § 128 but, of course, without the description or classification indicated.

Cases decided so far in other jurisdictions under such statutes as § 128 refer to written evidence. We have not found case law extending the provisions of this statute to include unwritten evidence, as for example any type of personal property. There is no case law, either, excluding it.

4

■ It is evident that the descriptive phrase "false or antedated" does not exclude the evidence consisting of personal property in addition to written evidence since the former is also subject to being falsified or antedated as for example coins, paintings, and other objects of art.

It has been decided, under provisions similar to those of § 129, that it constitutes a crime to destruct or conceal personal property such as a wire and tape recordings containing evidence wanted in a criminal prosecution, a motor vehicle, a shot gun, ten bags of alfalfa. *State* v. *Cassatly*, 225 A.2d 141 (N.J. App. Div. 1966) ; *Brown* v. *Commonwealth*, 263 S.W.2d 238 (Ky. Ct. App. 1954) ; *People* v. *Felice*, 125 N.Y.S.2d 80 (N.Y. App. Div. 1953) ; *Ex parte Goldman*, 88 Pac. 819 (Cal. App. 1906).

Considering that these three provisions of the Penal Code should be jointly interpreted and that it has been held that under § 129 this phrase includes other types or kinds of evidence in addition to the written one, that is to say, personal property, we are constrained to conclude that the same interpretation should prevail as to the same enumeration of evidence contained in § 128 concerning the preparation of false or antedated evidence.

■ It only remains for us to determine whether the elimination of a person's urine and its substitution by other different urine constitutes the *preparation of false evidence* to which § 128 refers. We think it does.

■ Section 128 punishes the preparation of false evidence (false or antedated evidence). This is a different offense from the offense of forgery prescribed by § 413 of the Penal Code which only covers the alteration, forgery, or counterfeiting of documents. Hence it has been decided that, a person having been accused of both offenses in connection with the preparation of a false will, his acquittal of forgery by itself does not require the reversal of the conviction of the

crime of preparing false evidence. *People* v. *Glab*, 57 P.2d 588 (Cal. App. 1936).

A false fact is an uncertain fact, feigned, simulated or fabricated. It is the deceitful semblance of a fact. *United States* v. *Essex*, 275 F.Supp. 393 (U.S.D.C. Tenn. 1967); Black's Law Dictionary 722. Its scope, necessarily, is broader than the act of adulterating or altering the composition of a substance. It includes, in our opinion, the act of substituting a matter for a similar one for the purpose of deceiving or defrauding or, as in this case, to demonstrate by means of substitution, that a person's urine did not contain the volume of alcohol which would make him responsible of a crime. Somebody else's urine, thus substituted in place of the urine sample taken from the policeman is false evidence, and the act of the aforesaid substitution constitutes the preparation of a false "matter or thing" mentioned in § 128 of the Penal Code in force.

In view of the foregoing, the judgment rendered by the Superior Court, Mayagüez Part, on January 9, 1967, will be affirmed.

Mr. Chief Justice concurs in the result. Mr. Justice Hernández Matos did not participate herein.