EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FERNANDO OLIVENCIA ROMÁN, acusado y apelante.

*Número:* CR-69-32 *Resuelto:* 17 de octubre de 1969

*A. Nazario Janer*, abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino*, y *Elpidio Arcaya, Procurador General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El apelante fue acusado y convicto de la infracción al Art. 128 del Código Penal consistente en haber preparado una muestra de orina falsificada en sustitución de la tomada al policía Ponce Orama para determinar el volumen de alcohol en la sangre, con el objeto de presentarla como genuina en un procedimiento o investigación autorizado por ley.

En apelación reitera ante nos su planteamiento denegado por el tribunal de instancia al efecto de que las disposiciones del Art. 128 del Código Penal se refieren a evidencia escrita exclusivamente. El Procurador se allanó equivocadamente, a nuestro juicio, a la revocación de la sentencia. En apoyo de su posición se limita a invocar el principio de hermenéutica de palabras asociadas (*noscitur a socii*) y la regla de *ejusdem generis*, y a señalar que como el estatuto penal debe interpretarse restrictivamente a favor del acusado, la falsificación de la orina en este caso no cae bajo las disposiciones del Art. 128 del Código Penal vigente. No estamos de acuerdo con la aplicabilidad de este razonamiento a los hechos del caso ante nos. Concluimos que la sentencia en este caso debe confirmarse.

En la materia de obstrucción de la justicia hay tres disposiciones en el Código Penal vigente con respecto a la falsificación, destrucción u ocultación de prueba a ser presentada en un juicio, procedimiento, acusación o investigación. Son los siguientes:

Art. 126—33 L.P.R.A. sec. 461.

"Toda persona que en algún juicio, procedimiento, acusación o investigación autorizada por la ley, ofreciere en prueba, como genuino o verdadero, algún libro, papel, documento, registro u otro instrumento escrito, sabiendo que ha sido falsificado, alterado o antedatado fraudulentamente, será culpable de delito grave."

Art. 128—33 L.P.R.A. sec. 463.

"Toda persona que prepare algún libro, papel, documento, registro, instrumento escrito, u otro objeto falsificado o antedatado con el propósito de presentarlo o permitir que se presente con algún fin fraudulento o avieso, como genuino y verdadero, en algún juicio, procedimiento, o acusación autorizada por la ley, será reo de delito grave."

Art. 129—33 L.P.R.A. sec. 464.

"Toda persona que sabiendo que algún libro, papel, registro, instrumento escrito u otro objeto, va a presentarse como prueba en algún juicio, acusación o investigación autorizada por la ley lo destruyere o escondiere voluntariamente, con el propósito de impedir su presentación, será reo de delito menos grave."

El citado Art. 126 claramente se refiere a la presentación de prueba documental, a instrumentos escritos. No incluye ninguna otra clase de prueba. El Art. 128, que trata de la preparación de prueba falsa o antedatada, hace una enumeración parecida a la anterior de distintas clases de prueba escrita pero al final de dicha enumeración añade "u otro objeto" que en el texto inglés de dicho código, según fue tomado del de California, lee *"or other matter or thing."* La enumeración, sin embargo, está descrita o clasificada por los adjetivos "falsificado o antedatado."

El Art. 129 cubre la destrucción u ocultación de la prueba. Hace una enumeración idéntica a la que se provee en el Art. 128 pero por supuesto, sin la descripción o clasificación indicada.

4

Los casos resueltos hasta ahora en otras jurisdicciones bajo estatutos como el Art. 128 se refieren a prueba escrita. No hemos encontrado jurisprudencia extendiendo las disposiciones de este estatuto a prueba no escrita como por ejemplo cualquier clase de bienes muebles. Tampoco la hay excluyéndola.

■ Resulta obvio que la frase descriptiva "falsificado o antedatado" no excluye la prueba consistente de bienes muebles en adición a los escritos pues aquéllos también son susceptibles de ser falsificados o antedatados como por ejemplo las monedas, las pinturas y otros objetos de arte.

. Se ha resuelto, bajo disposiciones similares a las del Art. 129, que constituye delito el destruir u ocultar propiedad mueble como la cinta o alambre magnetofónico conteniendo evidencia utilizable en un proceso criminal, un vehículo de motor, una escopeta, diez sacos de alfalfa. *State* v. *Cassatly*, 225 A.2d 141 (N.J. App. Div. 1966); *Brown* v. *Commonwealth*, 263 S.W.2d 238 (Ky. Ct. App. 1954); *People* v. *Felice*, 125 N.Y.S.2d 80 (N.Y. App. Div. 1953); *Ex parte Goldman*, 88 Pac. 819 (Cal. App. 1906).

En vista de que estas tres disposiciones del Código Penal deben interpretarse conjuntamente y de que se ha sostenido que bajo el Art. 129 esta frase incluye otros tipos o clases de prueba en adición a los escritos, es decir, bienes muebles, forzoso es concluir que la misma interpretación debe imperar en cuanto a la misma enumeración de prueba contenida en el Art. 128 con respecto a la preparación de prueba falsa o antedatada.

■ Sólo nos queda por determinar si la eliminación de la orina de una persona y su sustitución por otros orines distintos constituye *la preparación de prueba falsa* a que se refiere el Art. 128. Creemos que sí.

■ El Art. 128 castiga la preparación de prueba falsa (*false or antedated evidence*). Es un delito distinto al de

falsificación (*forgery*) prescrito por el Art. 413 del Código Penal el cual sólo cubre la alteración, falsificación o imitación de escritos. De ahí que se ha resuelto que habiendo sido acusada una persona de ambos delitos en relación con la preparación de un testamento falso, su absolución del delito de falsificación por sí solo no requiere la revocación de la convicción del delito de preparar prueba falsa. *People* v. *Glab*, 57 P.2d 588 (Cal. App. 1936).

Hecho falso es un hecho no cierto, fingido, simulado o fabricado. Es la semejanza fraudulenta de un hecho. *United States* v. *Essex*, 275 F.Supp. 393 (U.S.D.C. Tenn. 1967); *Black's Law Dictionary*, pág. 722. Su alcance, necesariamente, es más amplio que el acto de adulterar o alterar la composición de una sustancia. Incluye, a nuestro juicio, el acto de sustituir una materia por otra parecida con el fin de engañar o defraudar o, como en este caso, el hacer aparecer, mediante sustitución, que la orina de una persona no contenía la cantidad de alcohol que pudiera responsabilizarlo criminalmente. La orina de otra persona así sustituida en lugar de la muestra de orina tomada al policía, es prueba falsa, y el acto de tal sustitución constituye la preparación de "una materia u objeto" falso a que se refiere el Art. 128 del Código Penal vigente.

*En vista de lo expuesto se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Mayagüez, en 9 de enero de 1967.*

El Señor Juez Presidente concurre en el resultado. El Juez Asociado Señor Hernández Matos no intervino.