[Civ. No. 278. Second Appellate District.—May 7, 1906.]

## LESLIE W. FOLSOM, Respondent, v. J. J. CONKLIN, Appellant.

CITY MARSHAL—NEGLECT OF OFFICIAL DUTY—REMOVAL FROM OFFICE—SUFFICIENCY OF ACCUSATION.—An accusation under section 772 of the Penal Code to remove a city marshal from office, which alleged his refusal and neglect to recognize the appointment of a police officer placed by the municipal incorporation act under the marshal's control or to exercise control over him, and alleged his obstruction of such police officer in the discharge of his duties, and also alleged the collection of license fees without procuring license blanks, as provided by ordinance, or returning the same, and the appropriation thereof to his own use, and his neglect to pay the same to the city treasurer or to file the monthly reports and affidavits required by law, shows sufficient cause for his removal from office for neglect to perform his official duties; and it is immaterial whether the acts charged may amount also to misconduct in office or not.

ID.—IGNORANCE OF LAW AS TO DUTIES—ACTS OF CONCEALMENT.—The ignorance of law on the part of the marshal as to the duties required of him by law is no excuse for his neglect to perform them, and when the findings of the court establish that his neglect to perform his official duties was the result, not of ignorance, but of improper motives in concealing from the officials money received by him in his official capacity, he was wholly without excuse for such neglect.

ID.—DELAY IN TRIAL OF ACCUSATION—WAIVER OF OBJECTION UPON AP-
PEAL.—The right to a speedy trial of the accusation within twenty
days thereafter, conferred by section 772 of the Penal Code, may
be waived by failure to object to a delay thereon for a full month;
and where the defendant appeared on the deferred day set for trial,
and without motion to dismiss, proceeded to trial without objection
on account of the delay, he will not be heard upon appeal to raise
for the first time an objection to the jurisdiction of the court to
hear and determine the accusation at so late a period.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellant.

John E. Daly, for Respondent.

ALLEN, J.—This was an action under section 772 of the
Penal Code for the removal of a public officer. Findings and
judgment for plaintiff, and defendant appeals therefrom,
and from an order denying a new trial.

The accusation filed by plaintiff against defendant alleged,
among other things, the defendant's election and qualification
as marshal of the city of Long Beach; the appointment of
plaintiff by the board of trustees as a public officer; the re-
fusal of the defendant to recognize such appointment, and his
neglect and refusal to exercise any control over such officer;
and that defendant obstructed such officer in the discharge of
his duties. Further, that defendant has willfully refused and
neglected at all times to file with the treasurer of the city an
affidavit showing that the moneys paid by him to said treas-
urer were all of the funds he had collected, or received, during
the months precedent to the payment to said treasurer, or to
report delinquent lists of licenses uncollected. The complaint
avers, and it is not denied, that an ordinance of said city,
No. 109, was in force, providing for the licensing of certain
kinds of business transacted and carried on in said town of
Long Beach. The answer denied all of the allegations of the
accusation, other than the existence of the ordinance above
stated and defendant's delinquency in relation to the filing

3 Cal. App.—31

with the treasurer an affidavit and report, as in the complaint alleged.

Upon the trial, the court found that the ordinance No. 109 provides that licenses shall be issued, signed by the city clerk and president of the board of trustees; that after the same are issued the city clerk shall deliver such licenses to the marshal and the marshal deliver his receipt to the clerk; that the marshal, upon collecting such licenses, shall deliver to the city treasurer all sums collected by him therefor, and take the treasurer's receipt for all moneys turned over to him; and thereupon said marshal was to deliver such treasurer's receipts for said sums to the city clerk. And the court finds that he did not file with the city clerk treasurer's receipts for money which he claims to have paid the city treasurer on account of licenses collected by him. The court further finds that he did collect various sums as and for licenses without having the license then in his possession or delivering the same, or accounting to the city in any way therefor, but gave his individual receipt for such sums and appropriated the proceeds to his own use; that he has issued numerous receipts for licenses to various persons and has not accounted to the treasurer or the city clerk for the moneys collected upon the same.

While there is nothing in the record showing the provisions of the ordinance before mentioned, as found by the court, yet there is no specification of error on account of such finding, and it will be assumed that the court finding the contents of the ordinance had the same before it upon the trial.

Appellant's contention is that the accusation does not state a cause of action against the defendant under section 772 of the Penal Code. This section provides: "When an accusation in writing, verified by the oath of any person, is presented to a superior court, alleging that any officer within the jurisdiction of the court has been guilty of charging and collecting illegal fees for services rendered, or to be rendered, in his office, or has refused or neglected to perform the official duties pertaining to his office, the court must cite the party charged to appear before the court at a time not more than ten nor less than five days from the time the accusation was presented, and on that day, or some other subsequent day not more than twenty days from that on which the accusation was pre-

sented, must proceed to hear, in a summary manner, the accusation, etc.''

With this contention we do not agree. The municipal corporations act, by section 852, confers upon the board of trustees the power to appoint, in their discretion, such police and subordinate officers as in their judgment may be deemed necessary. Section 880 provides that the department of police shall be under the direction and control of the marshal. It was the duty, therefore, of the marshal to direct and control in a proper manner the official acts of this police officer. The court finds, and there is ample testimony in support, that, on the contrary, he obstructed and prevented the officer from discharging his duty, and prevented him from having access to the jail, thus neglecting and omitting to perform a plain duty devolving upon him by law. The record discloses that, without obtaining from the city clerk the licenses as by the ordinance provided, the defendant on several occasions collected from parties engaged in business in said city the amount of such license fees, giving his individual receipt therefor, keeping and appropriating the money to his own use, and making no return of any kind thereof to the proper officials. Defendant concedes that he omitted entirely the duty involving upon him of making monthly reports, or filing the monthly affidavits required by law, excusing himself upon the ground that he did not know it was required of a marshal to file such reports, and that it has not been the custom of marshals in office prior to his time to file such reports and receipts. This ignorance of the law is no justification, and the finding of the court establishes that it was result, not of ignorance, but of improper motives in concealing from the officials money received by him in an official capacity. It mattered not whether the licenses were in his possession to deliver or not, if he received funds in his official capacity as marshal as and for licenses they thereupon became the property and funds of the city, and it was his duty to report the same whether the licenses had been delivered or not. Appellant insists that, notwithstanding these facts, the act of defendant was misconduct in office, punishable under the Penal Code, and is not cognizable in proceedings of this character under section 772; and cites as an authority *Siebe* v. *Superior Court,* 114 Cal. 552, [46 Pac. 456]. The Siebe case may be readily distin-

guished from this.   In that case Siebe undertook the perform-
ance of a duty, but neglected and failed to perform it in a
proper way, and the court holds that it was not a refusal or
neglect to perform his duty.   In this case there was no at-
tempt at performance, but an entire omission and neglect to
do those acts which by law devolved upon him in his official
capacity; and whether the act amounted to misconduct or not,
it nevertheless was an omission and neglect under the purview
of section 772.

It is further insisted that because the accusation in this case
was filed June 16th and the case was not tried until the seven-
teenth day of July the court was without jurisdiction to hear
and determine the action.   There was no demand upon the
part of defendant to dismiss the proceedings.   The court ob-
tained jurisdiction of the person and of the subject matter
when the citation was served.   The limitation of time men-
tioned in the section within which the proceeding shall be
heard is obviously intended to guarantee to the accused a
speedy hearing, not unlike the right to a dismissal on account
of delay given by section 1382 of the Penal Code.   This
right, like any other statutory right, may be waived by com-
petent parties.   (*People* v. *Hawkins,* 127 Cal. 374, [59 Pac.
697].)   The defendant appeared on the day set for trial,
whether the same was so set by agreement or otherwise, and
proceeding to trial without objection on account of delay,
will not be heard upon this appeal to raise for the first time
an objection to the jurisdiction of the court for the. reason
mentioned.

It is unnecessary to consider or notice the many other speci-
fications of error and exceptions taken at the trial, inasmuch as
the judgment is amply supported by the admissions and other
findings not involved in the specifications.   Nor do we per-
ceive any error in the record warranting a reversal.

The judgment and order are affirmed.

Gray, P. J., and Smith, J., concurred.