In the Matter of the Application of WILLIAM E. HENTHORNE, Petitioner, for an Order of Certiorari against HARRY C. KIMBALL and Others, Respondents.*

Supreme Court, Westchester County, April 19, 1938.

*John J. Hughes*, for the petitioner.

*Delaney & Miles*, for the respondents.

DAVIS, J. Charges of insubordination were filed against the petitioner by the chief of police. A hearing of such charges was conducted before the police commissioner who thereafter trans-

* See, also, 252 App. Div. 758.

mitted his report and recommendation to the village board of trustees. After considering them, the board of trustees unanimously adopted a resolution dismissing the petitioner.

The conduct of the petitioner which gave rise to the charges constituted a challenge to the discipline of the police department and might well have justified the action taken by the board of trustees.

It is not the policy of the courts to interfere with the regulation of a police force by the persons directly responsible for its good conduct and efficiency and I would be strongly inclined to uphold the decision of the trustees did it not appear that there has been a failure to comply with certain essential statutory requirements in the proceedings under review.

Although chapter 103 of the Laws of 1936 does not specifically provide that a policeman, against whom charges have been made, is entitled to a trial before the board of trustees, that is the intendment of the said act. Concededly, the petitioner herein did not appear before nor was his trial conducted before the board of trustees, but on the contrary the charges against him were heard before the police commissioner sitting alone.

The above-mentioned law also provides that charges against policemen shall not be brought more than sixty days after the time when the facts upon which the charges are based are known to the board of trustees or municipal board. The petitioner herein was not notified to appear for trial of the charges against him until more than sixty days had elapsed. The lapse of time extinguished the power of the trustees to act upon the charges.

By reason of these facts the determination of the board of trustees must be annulled and the order of certiorari sustained. Settle order on notice.