79 N.J. Super. 149 (1963)
191 A.2d 64
EDWARD RESSEL, PLAINTIFF-APPELLANT,
v.
THOMAS COSTELLO, NELS J. LAURITZEN, ETC., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1963.
Decided May 14, 1963.
*150 Before Judges CONFORD, GAULKIN and KILKENNY.
Mr. Thomas E. Durkin, Jr. argued the cause for appellant (Mr. Gregory J. Castano on the brief).
Mr. Norman Robbins argued the cause for respondents.
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiff, a sergeant in the Woodbridge Township Police Department, appeals from a judgment of the Superior Court, Law Division, denying his request for an order dismissing certain departmental charges outstanding against him and for an order restoring him to his position.
Plaintiff contends before us, as he did in the Law Division, that the charges preferred against him by the acting chief of police should be dismissed because the trial of the charges was not "commenced" within 30 days after service of a copy thereof upon him, as required by N.J.S.A. 40:47-6 and 40:47-8.
The facts, necessary for disposition of this appeal, are not in dispute. The acting chief of police preferred written charges against the plaintiff, a copy thereof was served upon him personally on September 14, 1962, and he was suspended as of that date pending a hearing on the charges. At the time of service of a copy of the charges plaintiff acknowledged over his signature at the bottom of the chief's letter of September 12, 1962, to the chairman of the Department of Safety, the following:
*151 "On September 14, 1962, Sergeant Ressel was apprised of the above complaint for the infractions listed hereon of the Police Rules and Regulations.
He was apprised that he could select any date within the next thirty (30) days of this date and to prepare for his defense and also that he may secure the services of an attorney for his defense.
Sgt. Ressel pleaded not guilty to the charges and requested a departmental hearing. Police Chief Nels J. Lauritzen accepted the not guilty plea and suspended Sgt. Ressel from the Township of Woodbridge Police Force until hearing and disposition [sic] of case.
Suspension effective as of September 14, 1962."
Ten days later, on September 24, 1962, a letter covering the enclosure of a copy of a letter of the same date to the State Department of Civil Service, and a copy of State Civil Service Form CS31A, Preliminary Notice of Disciplinary Action, was sent to plaintiff by the Woodbridge Township personnel officer. Both the letter to the Civil Service Department and the CS31A form mentioned that the police department had granted to Ressel the right to select the date of hearing within 30 days from September 14, 1962, the date of service of the charges on him.
On or about the second week in October 1962 plaintiff had not yet fixed a hearing date and it became evident to the municipal officials that Ressel might possibly not select a hearing date himself. So, after consultation with the members of the police committee of the township committee, a letter dated October 10, 1962, and fixing October 23, 1962 as the date for the hearing, was forwarded to plaintiff.
On October 23, 1962 Ressel appeared with counsel and challenged the jurisdiction of the police committee to hear the charges as being out of time under N.J.S.A. 40:47-6 and 40:47-8. By consent of all parties the hearing was adjourned until settlement of the question of jurisdiction by the action subsequently taken in the Law Division.
N.J.S.A. 40:47-8, which applies here, provides:
"If any officer, member or employee in any such department shall be suspended pending trial on charges, such trial shall be commenced within thirty days after service of a copy thereof upon him, otherwise *152 the charges shall be dismissed and the officer or employee returned to duty."
N.J.S.A. 40:47-6, which outlines the procedure to be followed for the removal or suspension of a member of the police department, also provides that the written charges served upon the police officer shall be publicly examined by the appropriate board or authority upon reasonable notice to the person charged and that this "examination shall be commenced not less than fifteen days nor more than thirty days after said copy of such charge or charges shall have been so served."
The legislative purpose in adopting N.J.S.A. 40:47-6 is expressly set forth therein, to wit:
"It is the intent of this section to give every person against whom a charge or charges for any cause may be preferred under this article a fair trial upon said charge or charges and every reasonable opportunity to make his defense if any he has or chooses to make and that in event of failure of compliance with any provision of this section, such charge or charges shall be dismissed."
Plaintiff contends that the mandate of the statute is so absolute that nothing short of the commencement of a hearing within 30 days of service of the charges can avoid a dismissal thereof. However, plaintiff concedes that if the matter were scheduled for a hearing within the 30-day period and there was a pro forma convening and then the hearing was postponed, without the calling of a single witness, the statute would be satisfied. He also agrees that if the charged officer signed a written waiver of his right to a hearing within the 30-day statutory limitation, he would not be entitled to a dismissal of the charges. Nor does he dispute that he would be bound by an agreement signed by him to have the charges heard at a date fixed more than 30 days after service of a copy of the charges upon him. However, he maintains that none of these situations existed in this case and that the municipal officials could not delegate to him the statutory duty of picking a date for the hearing within the 30-day limitation. He *153 acknowledges that he was given the opportunity to fix a date for the hearing within the 30 days and that he failed to make a selection. He argues that his inaction does not relieve the municipal officials from the obligations of the statute.
The purpose of the statute is to afford the officer implicated a full and fair hearing within a reasonable time after service of a copy of the charges. The Legislature has fixed this time at not less than 15 days and not more than 30 days for commencement of the hearing. Yet, a failure to comply with the letter of the law has been held to be not fatal, when there has been a compliance with the spirit of the statute. Thus, in West New York v. Bock, 71 N.J. Super. 143, 151 (App. Div. 1961), affirmed 38 N.J. 500 (1962), we held that it was not fatal to have the hearing in less than 15 days, when the municipal fireman pleaded guilty to the charges.
So, too, it is not unusual to withhold the hearing of departmental charges beyond the 30-day period when circumstances so warrant. For example, when there is a pending indictment against the officer growing out of the same incident, a postponement of the departmental hearing is frequently requested by the police officer charged and granted by the municipal officials to avoid prejudicing the officer at the criminal trial. This occurred in Gantner v. Jersey City, Docket A-69-60 (App. Div. 1961; unreported), certification denied 36 N.J. 136 (1961), in which we held that a delay of almost two years, under such circumstances, in holding the departmental hearing was not violative of the spirit of N.J.S.A. 40:47-6, especially when the officer had signed a written waiver and the time lapse was due to the delay in disposing of the murder indictment against Gantner. Compare State v. Lee, 25 N.J. Super. 92, 95-96 (Cty. Ct. 1953).
Plaintiff relies on D'Ippolito v. McGuire, 33 N.J. Super. 477 (App. Div. 1955). That case is factually different. There we held that the preliminary notice of suspension, dated June 18, 1954, did not constitute the formal charges contemplated by N.J.S.A. 40:47-6 and 40:47-8 and, since formal charges were filed and served on July 30, 1954 and hearing set for *154 August 16, 1954, the date fixed for the hearing was within the time prescribed by N.J.S.A. 40:47-8.
Folsom v. Conklin, 3 Cal. App. 480, 86 P. 724 (Ct. App. 1906), is cited by plaintiff as supportive of his contention. In that case the code provision for the removal of public officers provided that the court must proceed to hear the accusation not more than 20 days after the accused was to appear. It was held (86 P., at p. 725), that, "[t]he limitation of time mentioned in the section, within which the proceeding shall be heard, is obviously intended to guaranty to the accused a speedy hearing, * * *. This right, like any other statutory right, may be waived by competent parties." The court found a waiver in that case from the fact that the defendant appeared on the day set for trial and proceeded without objection on account of the delay, so that his claim to a dismissal because of noncompliance with the statutory limitation was rejected.
It seems clear that if the municipal officials had merely served the charges on the police officer and had done nothing else in furtherance of the statutory mandate, and no other justification appeared in the record for not scheduling or commencing the hearing within the 30-day period, the plaintiff would have been entitled to a dismissal of the charges, as provided in the statute. For such a situation, see Henthorne v. Kimball, 168 Misc. 119, 4 N.Y.S.2d 581 (Sup. Ct. 1938). But here the municipal officials were not so completely derelict. They, as well as the charged officer, were fully mindful of the 30-day limitation. In fact, the plaintiff was told explicitly at the time the charges were served upon him that he should select a date, and he was further reminded thereof well within the 30-day period when he received a copy of the letter of the township personnel officer and a copy of Form CS31A, noted above, both of which stated that the hearing date was to be set by the plaintiff. Certainly, if it was his intention not to specify the date, he should have so advised the municipal officials, instead of lulling them into the belief that their gesture of liberality to suit his convenience would not be converted *155 into the assertion of a technical right to ask for a dismissal of the charges.
We hold that there was a substantial compliance by the municipal officials with the spirit of N.J.S.A. 40:47-6 and 40:47-8 and that the Law Division was correct in ruling that the pending charges should not be dismissed. The plaintiff has made no claim that he was prejudiced in any way by the failure of the municipal officials to comply with the literal language of the statute.
The judgment is affirmed.