160 N.J. Super. 140 (1978)
388 A.2d 1329
IN THE MATTER OF PATROLMAN CHARLES FREY, POLICE OFFICER, TOWNSHIP OF EAST BRUNSWICK, DEPARTMENTAL CHARGES.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 1978.
Decided June 16, 1978.
Before Judges MICHELS, PRESSLER and BILDER.
*141 Mr. Malcolm R. Busch argued the cause for appellant Township of East Brunswick (Messrs. Busch and Busch, attorneys).
Mr. Patrick R. Frega argued the cause for respondent Charles Frey.
PER CURIAM.
Appellant Township of East Brunswick (township) appeals from a judgment of the Middlesex County Court which ordered the dismissal with prejudice of all departmental charges filed against respondent Charles Frey, a patrolman employed in the township police department.
The facts necessary to a resolution of the issues raised by this appeal are not in dispute. On March 17, 1977 Frey was served with a notice of hearing and department charges for violating Department Rule and Regulation 219(5), "Unnecessary violence to a Prisoner." The specification of charges stated:
On March 4, 1977, at approximately 2025 hours, Patrolman Charles Frey did physically strike a handcuffed prisioner in custody unnecessarily causing facial injuries. These injuries sustained by the prisoner required immediate medical attention.
The departmental hearing was originally scheduled for April 4, 1977 but was adjourned due to the unavailability of the hearing officer and the complaining witness. The hearing was rescheduled for May 11, 1977. On that date the hearing was convened and Frey moved for dismissal of the charge because the hearing had not been held within 30 days from the date of service of the complaint, as required by N.J.S.A. 40A:14-147. The motion was denied and Frey immediately moved for and was granted an adjournment of the hearing to appeal the ruling.
Frey instituted this court action to review the denial by filing a "Written Notice of Appeal" and order to show cause *142 in the Middlesex County Court, apparently pursuant to the provisions of N.J.S.A. 40A:14-150. On the return day of the order the trial judge held that the action was improperly brought in the County Court under N.J.S.A. 40A:14-150 because the statutory prerequisite of trial and conviction upon the departmental charge had not been met by Frey. However, the judge accepted jurisdiction of the action. Following a consideration of the pleadings and argument, he held that the departmental charge against Frey should be dismissed with prejudice because a hearing was not held within 30 days from the service of the complaint, as N.J.S.A. 40A:14-147[1] requires. We disagree and reverse.
N.J.S.A. 40A:14-147 provides:
Except as otherwise provided by law, no permanent member or officer of the police department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the police department and force, nor shall such member or officer be suspended, removed, fired or reduced in rank from or in office, employment or position therein, except for just cause as hereinbefore provided and then only upon a written complaint setting forth the charge or charges against such member or officer. Said complaint shall be filed in the office of the body, officer or officers having charge of the department or force wherein the complaint is made and a copy shall be served upon the member or officer so charged, with notice of a designated hearing thereon by the proper authorities, which shall be not less than 15 nor more than 30 days from date of service of the complaint. A failure to comply with said provisions as to the service of the complaint shall require a dismissal of the complaint. [Emphasis supplied]
The wording of the foregoing statute is clear and explicit and therefore we are not permitted to indulge in any interpretation other than that called for by the express words set forth. Duke Power Co. v. Patten, 20 N.J. 42, 49 (1955). *143 While the statute calls for a hearing to be held "not less than 15 nor more than 30 days from the date of service of the complaint," it does not require the dismissal of the complaint for noncompliance. Nothing in the statute compels such a conclusion. It is only upon a failure to comply with the provisions of N.J.S.A. 40A:14-147 "as to the service of the complaint" that a dismissal of the charges is mandated by the statute. The Legislature did not intend by the time limits set forth in N.J.S.A. 40A:14-147 to create technical impediments to the resolution of serious charges of professional misconduct affecting the welfare and safety of the community. The notice requirements furnish assurance to a charged officer that the hearing will be had within a reasonable time; they do not deprive the hearing examiner of the inherent power to grant reasonable adjournments for good cause. See Ressel v. Costello, 79 N.J. Super. 149, 153 (App. Div. 1963). Here, the township complied with all the provisions of N.J.S.A. 40A:14-147 in serving the complaint. The mere failure to hold the hearing within the 15 to 30-day period did not warrant a dismissal of the departmental charge against Frey in the absence of a suspension from the Police Department pending the hearing.
Our construction of N.J.S.A. 40A:14-147 is buttressed further by reading the statute in pari materia with N.J.S.A. 40A:14-149. The latter statute deals with the same subject matter and was enacted as part of the chapter, L. 1971, c. 197. Mimkon v. Ford, 66 N.J. 426, 433-434 (1975); State v. Wean, 86 N.J. Super. 283, 289 (App. Div. 1965). See also, 2A Sutherland, Statutory Construction (Sands ed. 1973), § 51.03 at 298.
N.J.S.A. 40A:14-149 provides:
If any member or officer of the police department or force shall be suspended pending a hearing as a result of charges made against him, such hearing, except as otherwise provided by law, shall be commenced within 30 days from the date of the service of the copy of the complaint upon him, in default of which the charges shall be dismissed and said member or officer may be returned to duty.
*144 Obviously, the Legislature intended that charges pending against a police officer be dismissed for failure to commence a hearing within the 30-day period only when that police officer was suspended pending the hearing. Such is not the case here. If our Legislature had intended that charges against a police officer, who had not been suspended, be dismissed when a hearing was not held within 30 days, it could readily have done so. Since the Legislature did not choose to do so, it obviously did not intend such a result.
Moreover, the source of the foregoing statutes lends additional support to the conclusion that dismissal of the charge was improper. Former R.S. 40:47-6, the source for N.J.S.A. 40A:14-147, in pertinent part provided:
* * * examination shall be commenced not less than fifteen days nor more than thirty days after said copy of such charge or charges shall have been so served.
It is the intent of this section to give every person against whom a charge or charges for any cause may be preferred under this article a fair trial upon said charge or charges and every reasonable opportunity to make his defense if any he has or chooses to make and that in event of failure of compliance with any provision of this section, such charge or charges shall be dismissed.
Former N.J.S.A. 40:47-8, the source for N.J.S.A. 40A:14-149, provided:
If any officer, member or employee in any such department shall be suspended pending trial on charges, such trial shall be commenced within thirty days after service of a copy thereof upon him, otherwise the charges shall be dismissed and the officer or employee returned to duty.
While N.J.S.A. 40A:14-149 contains virtually the identical language as in R.S. 40:47-8, there are significant differences between N.J.S.A. 40A:14-149 and R.S. 40:47-6. The Legislature specifically altered the language of R.S. 40:47-6 in enacting N.J.S.A. 40A:14-147 of the 1971 revision of former Title 40. The phrase "examination shall be commenced not less than fifteen days nor more *145 than thirty days after said copy of such charge or charges shall have been so served" and the provision for dismissal of the complaint only upon failure to comply with the service requirements demonstrate the legislative intent to eliminate the harsh consequence of dismissing a charge for failure to hold a hearing within the 15 to 30-day time period when no suspension occurred pending the hearing. Further discussion of the history of R.S. 40:47-6 and R.S. 40:47-8 can be found in D'Ippolito v. Maguire, 33 N.J. Super. 477, 483-484 (App. Div. 1955). Thus, we are convinced that the County Court erred in dismissing the departmental charge against Frey because the hearing was not held within the 15 to 30-day period set forth in N.J.S.A. 40A:14-147.
In view of our decision in this matter, we need not consider Frey's claim that the trial judge erred in failing to award him legal fees pursuant to N.J.S.A. 40A:14-155.
Accordingly, the judgment of the Middlesex County Court ordering the dismissal of all departmental charges against Frey is reversed.
NOTES
[1] Whether the relief sought should have been brought in the Superior Court, Law Division or Chancery Division, or the County Court need not be decided since neither of the parties raised any objection to jurisdiction either in the trial court or on appeal. Cf. Ferrari v. Melleby, 134 N.J. Super. 583, 585-587 (App.Div. 1975).