844 A.2d 543

WILLIE GOODMAN, APPELLANT, v. DEPARTMENT OF
CORRECTIONS, CENTRAL RECEPTION AND
ASSIGNMENT FACILITY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 2, 2004—Decided April 1, 2004.

Before Judges SKILLMAN, COBURN and C.S. FISHER.

*Arnold Shep Cohen,* argued the cause for appellant (*Oxfeld Cohen,* attorneys; *Mr. Cohen,* of counsel and on the brief).

*Vivian I. Zumas,* Deputy Attorney General, argued the cause for respondent (*Peter C. Harvey,* Attorney General, attorney; *Michael J. Haas,* Assistant Attorney General, of counsel; *Sonia Frontera,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The issue presented by this appeal is whether disciplinary charges against a public employee in the career service must be dismissed if the appointing authority fails to conduct a departmental hearing within the thirty-day period required by *N.J.S.A.* 11A:2–13. We conclude that this requirement is not jurisdictional and that an appointing authority may proceed with disciplinary charges even if it fails to conduct a departmental hearing within the statutorily mandated period.

On May 4, 2001, respondent Department of Corrections served appellant, a senior corrections officer, with a preliminary notice of disciplinary action, which charged him with conduct unbecoming a public employee, in violation of *N.J.A.C.* 4A:2–2.3(a)6, and the use, possession or sale of a controlled dangerous substance, in violation of *N.J.A.C.* 4A:2–2.3(a)11. The specification of charges stated that a urine specimen appellant provided on April 19, 2001, tested positive for cocaine. The notice also stated that appellant was suspended with pay, effective immediately, pending the outcome of a hearing.

By memorandum dated May 14, 2001, respondent notified appellant that the hearing would be conducted on May 30, 2001. By letter dated May 23, 2001, respondent notified appellant that the hearing had been postponed, and by letter dated May 31, 2001, respondent rescheduled the hearing for June 8, 2001. By letter dated June 11, 2001, respondent informed appellant that his request for an "indefinite postponement" was denied, because

"administrative protocol" requires a disciplinary hearing to be conducted "within a certain time frame," and that the hearing had been rescheduled for June 20, 2001.

On June 20, 2001, respondent conducted a departmental hearing, following which it issued a notice of final disciplinary action that sustained both charges and ordered appellant's removal from his position, effective immediately.

Appellant appealed this determination to the Merit System Board (Board), which transmitted the matter to the Office of Administrative Law for a hearing. At the outset of the hearing, appellant argued that respondent did not have jurisdiction to proceed with the disciplinary charges because it had failed to conduct a departmental hearing within the thirty-day period provided under *N.J.S.A.* 11A:2–13 and *N.J.A.C.* 4A:2–2.5(d). The Administrative Law Judge (ALJ) did not immediately rule upon this argument, and both respondent and appellant presented their proofs relevant to the charges.

The ALJ issued an initial decision which concluded that respondent was not foreclosed from proceeding with the disciplinary charges even though it had failed to conduct a departmental hearing within thirty days of service of the preliminary notice of disciplinary action. On the merits, the ALJ sustained both charges against appellant and concluded that his conduct warranted removal. The Board adopted the ALJ's recommended decision and affirmed respondent's removal of appellant from his position as a senior corrections officer.

On appeal, appellant's only argument is that respondent lost jurisdiction to proceed with the disciplinary action when it failed to conduct a departmental hearing within thirty days of service of the charges. Appellant relies upon *N.J.S.A.* 11A:2–13, which provides in relevant part:

Before any disciplinary action .. is taken against a permanent employee in the career service or a person serving a working test period, the employee shall be notified in writing and shall have the opportunity for a hearing before the appointing authority or its designated representative. The hearing shall be held

within 30 days of the notice of disciplinary action unless waived by the employee. Both parties may consent to an adjournment to a later date.

The Board has implemented this legislative directive by adoption of a regulation which states:

A departmental hearing, if requested, shall be held within 30 days of the Preliminary Notice of Disciplinary Action unless waived by the employee or at a later date as agreed to by the parties.

[*N.J.A.C.* 4A:2–2.5(d).]

Appellant characterizes the legislative directive of *N.J.S.A.* 11A:2–13 that a departmental hearing "shall be held within 30 days of the notice of disciplinary action," as a "jurisdictional mandate" and argues that a disciplinary action must be dismissed if the hearing is not conducted within that period.

The legislative directive that an appointing authority conduct a departmental hearing within thirty days of service of disciplinary charges was presumably designed both to protect the public employee against whom charges have been brought and to serve the public interest. An employee has an obvious interest in prompt resolution of any disciplinary charge, especially if the employee has been temporarily suspended without pay. The public has an equally obvious interest in the early disposition of disciplinary charges, especially if an employee has been charged with serious misconduct that may warrant the employee's permanent removal from public service.

Although *N.J.S.A.* 11A:2–13 directs an appointing authority to conduct a departmental hearing within thirty days, it does not state that the appointing authority loses jurisdiction and that the disciplinary charges must be dismissed if the appointing authority fails to comply with this directive. In the absence of an explicit legislative provision requiring dismissal of disciplinary charges if an appointing authority fails to conduct a departmental hearing within thirty days, we are unwilling to impute such an intent to the Legislature. There is a strong public interest in allowing an appointing authority to proceed with disciplinary charges even if it has failed to conduct a hearing within the legislatively prescribed time period. This case illustrates that public interest. Appellant

was found guilty of using cocaine while occupying the sensitive position of senior corrections officer in a state prison. This violation of the rules governing the conduct of corrections officers is considered serious enough to warrant removal, a consequence appellant does not challenge. However, if we construed *N.J.S.A.* 11A:2–13 to require dismissal of the disciplinary charges against appellant because respondent failed to conduct a departmental hearing within thirty days, appellant would be entitled to reinstatement as a senior corrections officer even though his conduct warranted removal. We are satisfied that if the Legislature intended an appointing authority's failure to conduct a departmental hearing within thirty days to have this severe consequence, it would have included an explicit provision in *N.J.S.A.* 11A:2–13 requiring dismissal of disciplinary charges after the expiration of that period.

This conclusion is reinforced by the inclusion of such an explicit provision in the statutes governing disciplinary actions against municipal police officers. *N.J.S.A.* 40A:14–149 provides:

> If any member or officer of the police department or force shall be suspended pending a hearing as a result of charges made against him, such hearing ... shall be commenced within 30 days from the date of the service of the copy of the complaint upon him, *in default of which the charges shall be dismissed and said member or officer may be returned to duty.*
>
> [Emphasis added.]

We have strictly construed this statutory provision to apply only if a police officer has been suspended pending a hearing. In *In re Frey,* 160 *N.J.Super.* 140, 388 *A.2d* 1329 (App.Div.1978), we considered the consequences of a police department's failure to conduct a departmental hearing within thirty days if a police officer is not suspended pending a hearing. Such a case is governed by *N.J.S.A.* 40A:14–147, which provides in pertinent part:

> [A] copy [of the disciplinary complaint] shall be served upon the member or officer so charged, with notice of a designated hearing thereon by the proper authorities, *which shall be not ... more than 30 days from date of service of the complaint.*
>
> [Emphasis added.]

In reversing a lower court decision that had ordered dismissal of disciplinary charges against a police officer because a departmental hearing under *N.J.S.A.* 40A:14–147 was not held within the mandated thirty-day period, we stated:

> While the statute calls for a hearing to be held "not . . . more than 30 days from the date of service of the complaint," it does not require the dismissal of the complaint for noncompliance. . . . The Legislature did not intend by the time limits set forth in *N.J.S.A.* 40A:14–147 to create technical impediments to the resolution of serious charges of professional misconduct affecting the welfare and safety of the community. The notice requirements furnish assurance to a charged officer that the hearing will be had within a reasonable time; they do not deprive the hearing examiner of the inherent power to grant reasonable adjournments for good cause.
>
> [160 *N.J.Super.* at 143, 388 *A.*2d at 1330.]

We also indicated that because the Legislature had expressly provided in *N.J.S.A.* 40A:14–149 that disciplinary charges against an officer who has been suspended must be dismissed if the hearing is not conducted within thirty days, the omission of a similar provision in *N.J.S.A.* 40A:14–147 reflected a legislative intent to withhold this severe consequence of a failure to conduct a timely hearing if a police officer is not suspended:

> If our Legislature had intended that charges against a police officer, who had not been suspended, be dismissed when a hearing was not held within 30 days, it could readily have done so. Since the Legislature did not choose to do so, it obviously did not intend such a result.
>
> [*Id.* at 144, 388 *A.*2d at 1330–31.]

Even where the applicable statute provides for dismissal of disciplinary charges if a departmental hearing is not conducted within thirty days, we have not construed this requirement as jurisdictional and have ordered dismissal of disciplinary charges based on a failure to conduct a hearing within that period only if such a disposition was warranted under all the circumstances. In *Ressel v. Costello*, 79 *N.J.Super.* 149, 153, 191 *A.*2d 64, 66 (App. Div.1963), we indicated that despite the mandatory wording of the predecessor to *N.J.S.A.* 40A:14–149, this statute should not be construed to require automatic dismissal of disciplinary charges after expiration of thirty days from service of the complaint:

> The purpose of the statute is to afford the officer implicated a full and fair hearing within a reasonable time after service of a copy of the charges. The

Legislature has fixed this time at ... not more than 30 days for commencement of the hearing. Yet, a failure to comply with the letter of the law has been held to be not fatal, when there has been a compliance with the spirit of the statute.

Accordingly, we concluded that a police officer who was twice asked, within thirty days of service of disciplinary charges, to select a hearing date but failed to respond to either invitation, was not entitled to a dismissal of the charges. *Id.* at 154–55, 191 *A.*2d at 66–67.

In *King v. Ryan,* 262 *N.J.Super.* 401, 403, 621 *A.*2d 68, 69 (App.Div.1993), we reversed the removal of a police officer who had been suspended pending a disciplinary hearing based on the respondent police department's "egregious violation of *N.J.S.A.* 40A:14–149." Our opinion recognized that we had flexibly construed "the apparently mandatory statutory thirty-day provision of *N.J.S.A.* 40A:14–149" in recognition of "the need to accommodate the prompt dispositional rights of the suspended officer with the public's overriding interest in an appropriate response to allegations of police misconduct." *Id.* at 411, 621 *A.*2d at 73. However, we concluded that under the circumstances of that case the eight-month delay in conducting a hearing reflected an "inexcusable and egregious disregard of the officer's rights." *Ibid.*

In this case, unlike in *King,* the applicable statutory provision, *N.J.S.A.* 11A:2–13, does not require dismissal of the disciplinary charges against appellant based on respondent's failure to conduct a departmental hearing within the mandated thirty-day period. Moreover, there was nothing egregious about the delay in the hearing. Around the end of the prescribed thirty-day period for conducting that hearing, appellant himself requested "an indefinite postponement," which respondent denied, and the hearing was conducted on June 20, 2001, only seventeen days beyond the expiration of that period. We also note that although appellant was suspended pending the hearing, his suspension was with pay. Consequently, appellant did not suffer any prejudice as a result of the postponement of the hearing date. To the contrary, he benefited from the delay by continuing to receive a State salary for a longer period than if the departmental hearing had been

conducted within the thirty-day period prescribed by the Legislature. Therefore, we have no occasion in this case to consider whether *N.J.S.A.* 11A:2–13 should be construed to require resumption of salary payments to an employee suspended without pay if a departmental hearing is not conducted within thirty days or whether a dismissal of charges would be warranted if there were an egregious violation of the timely hearing requirement of *N.J.S.A.* 11A:2–13.

Affirmed.