**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1453-16T3

ROBERT SMITH,

    Plaintiff-Appellant,

v.

CITY OF BRIDGETON,

    Defendant-Respondent,

and

BRIDGETON POLICE DEPARTMENT;
MARK OTT, Former Bridgeton Chief of
Police; MICHAEL A. GAIMARI, SR.,
Current Bridgeton Chief of Police; DALE
GOODREAU, City of Bridgeton Business
Administrator; ALBERT KELLY, Mayor
of City of Bridgeton; JACK SURRENCY,
Bridgeton City Council President; WILLIAM
D. SPENCE, Bridgeton City Councilman;
GLADYS LUGARDO-HEMPLE, Bridgeton
City Councilwoman; MICHAEL E.
ZAPOLSKI, SR., Bridgeton City Councilman;
and J. CURTIS EDWARD,
Bridgeton City Councilman,

    Defendants.

_____

Submitted November 9, 2018 – Decided November 28, 2018

Before Judges Simonelli and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0182-16.

Christian A. Pemberton, attorney for appellant.

Blaney & Karavan, PC, attorneys for respondent (Frank Guaracini, III, on the brief).

PER CURIAM

In this prerogative writs matter, plaintiff Robert Smith sought reinstatement to his position as a police officer with the City of Bridgeton Police Department (BPD) following his acquittal of a criminal charge. Plaintiff appeals from the August 15, 2016 Law Division order, which denied his motion for summary judgment, granted defendant City of Bridgeton's (City)[1] cross-motion for summary judgment, and dismissed plaintiff's complaint. We affirm.

I.

We begin with a review of the pertinent authority. A police officer may not be suspended, removed, fined or reduced in rank "except for just cause . . . and then only upon a written complaint." N.J.S.A. 40A:14-147. A complaint

---

[1] The City is a civil service municipality subject to the Civil Service Act, N.J.S.A. 11A:1-1 to 12-6.

charging a police officer with violating internal rules and regulations must be filed no later than forty-five days "after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based." Ibid. The forty-five day time limit does not apply "if an investigation of a law enforcement officer for a violation of the internal rules or regulations of the law enforcement unit is included directly or indirectly within a concurrent investigation of that officer for a violation of the criminal laws of this State." Ibid. In that instance, the forty-five day time limit "shall begin on the day after the disposition of the criminal investigation." Ibid. Failure to comply with the forty-five day time limit mandates dismissal of the complaint. Ibid. A disciplinary hearing must be held "not less than [ten] nor more than [thirty] days from date of service of the complaint." Ibid.

If a police officer has been suspended pending a hearing, the hearing must be held within thirty days from the date of service of the complaint. N.J.S.A. 40A:14-149. Failure to hold a hearing within that time period mandates dismissal of the charges and return of the officer to duty. Ibid. The purpose of the statute is to afford the officer a full and fair hearing within a reasonable time. Ressel v. Costello, 79 N.J. Super. 149, 153 (App. Div. 1963). "The . . . officer may waive the right to a hearing and may appeal the charges directly to any

available authority specified by law or regulation, or follow any other procedure recognized by a contract, as permitted by law." N.J.S.A. 40A:14-147.

The corresponding regulation provides that "[a]n employee must be served with a Preliminary Notice of Disciplinary Action [(PNDA)] setting forth the charges and statement of facts supporting the charges (specifications), and afforded the opportunity for a hearing prior to imposition of major discipline[.]" N.J.A.C. 4A:2-2.5(a). The regulation also provides:

> The employee may request a departmental hearing within five days of receipt of the [PNDA]. If no request is made within this time or such additional time as agreed to by the appointing authority or as provided in a negotiated agreement, the departmental hearing may be considered to have been waived and the appointing authority may issue a Final Notice of Disciplinary Action.
>
> A departmental hearing, if requested, shall be held within 30 days of the [PNDA] unless waived by the employee or a later date as agreed to by the parties. See N.J.A.C. 4A:2-2.13 for hearings regarding removal appeals by certain law enforcement officers and firefighters.
>
> [N.J.A.C. 4A:2-2.5(c) and (d).]

N.J.A.C. 4A:2-2.13(b), provides, in pertinent part:

> If the law enforcement officer . . . requests a departmental hearing regarding his or her removal in accordance with N.J.A.C. 4A:2-2.5, the appointing

4

authority shall conduct a hearing within [thirty] days of the removal's effective date, unless:

> 1.  The officer . . .  agrees to waive his or her right to the hearing; or
>
> 2.  The officer . . . and the appointing authority agree to an adjournment of the hearing to a later date.

An employee may appeal a violation of N.J.A.C. 4A:2-2.5 to the Civil Service Commission through a petition for interim relief pursuant to N.J.A.C. 4A:2-1.2. N.J.A.C. 4A:2-2.5(e).

A police officer may be suspended without pay pending a hearing if a grand jury returns an indictment against the officer.  N.J.S.A. 40A:14-149.1; see also N.J.A.C. 4A:2-2.5(a)(2) (providing that "[a]n employee may be suspended immediately when the employee is formally charged with a crime of the first, second or third degree, or a crime of the fourth degree on the job or directly related to the job").  The suspension will continue "until the case against [the officer] is disposed of at trial, until the complaint is dismissed or until the prosecution is terminated."  N.J.S.A. 40A:14-149.1.  N.J.S.A. 40A:14-149.2 provides:

> If a suspended police officer is found not guilty at trial, the charges are dismissed or the prosecution is terminated, said officer shall be reinstated to his position and shall be entitled to recover all pay withheld

during the period of suspension subject to any disciplinary proceedings or administrative action.

We now turn to the facts of this case. On January 18, 2012, a fellow police officer informed the BPD that plaintiff would be arriving at the police station to sell him anabolic steroids. When plaintiff arrived, the BPD arrested him and charged him with several indictable crimes involving the possession and distribution of a controlled dangerous substance (CDS). The BPD notified plaintiff that he was suspended immediately without pay pursuant to N.J.S.A. 40A:4-149.1.

On January 23, 2012, the City served a PNDA on plaintiff, charging him with incompetency, inefficiency, or failure to perform duties, N.J.A.C. 4A:2-2.3(a)(1); insubordination, N.J.A.C. 4A:2-2.3(a)(2); conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); neglect of duty, N.J.A.C. 4A:2-2.3(a)(7); and other sufficient cause, N.J.A.C. 4A:2-2.3(a)(12). The charges were issued under N.J.S.A. 40A:14-147 based on plaintiff's arrest and having been charged with indictable crimes involving the sale of a CDS or its analog. The PNDA notified plaintiff the City sought his removal and that if he wanted a departmental hearing, he must notify the City within five days of receipt of the PNDA.

Plaintiff and the City agreed to hold the departmental hearing in abeyance pending adjudication of the criminal charges. In addition, plaintiff withdrew his request for a Loudermill[2] hearing and advised the City he would make a discovery request at the conclusion of the criminal matter. On January 27, 2012, plaintiff's counsel requested an inventory of items taken from plaintiff when he was arrested or confirmation that no inventory was conducted.

On November 6, 2013, a grand jury indicted plaintiff for third-degree distribution of a CDS, N.J.S.A. 2C:35-5(b)(13). On January 28, 2016, a jury found plaintiff not guilty of the charge. That same day, the Cumberland County Prosecutor's Office notified the City that the criminal matter had concluded and referred the case to the City for administrative action.

Thereafter, the BPD commenced a supplemental investigation in order to bring its records current and determine whether to dismiss the disciplinary charges. The City did not dismiss the charges because the supplemental investigation revealed additional infractions plaintiff committed before and after his suspension in 2012.

On March 8, 2016, plaintiff claimed his purported discovery request from January 2012 had gone unanswered and asked the City to discontinue the

---

[2] Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985).

administrative proceeding and reinstate him. Plaintiff did not claim a violation of the thirty-day requirement of N.J.S.A. 40A:14-149 as the reason for his request. On March 11, 2016, plaintiff filed a complaint in lieu of prerogative writs in the Superior Court.[3]

Within thirty days of plaintiff's request for reinstatement, on April 6, 2016, the City advised him it was willing to schedule a departmental hearing and asked him to provide available dates if he wanted a hearing. Plaintiff did not respond. Instead, on April 6, 2016, he filed an amended complaint, seeking reinstatement with back pay and benefits; removal of any record of disciplinary action from his personnel file; dismissal of all disciplinary charges and barring future related disciplinary actions; and attorney's fees and costs.

Plaintiff also filed a motion for summary judgment, arguing, in part, that N.J.S.A. 40A:14-149 required dismissal of the disciplinary charges because the City failed to hold a hearing within thirty days of the acquittal. He also argued that N.J.S.A. 40A:14-149.2 required his immediate reinstatement.

Prior to disposition of the motion, on April 14, 2016, the City served two separate PNDAs on plaintiff, charging him with numerous infractions unrelated

---

[3] Plaintiff did not submit a copy of the complaint on appeal.

to the first PNDA.[4]  The City suspended plaintiff without pay and notified him it was seeking his removal.  Plaintiff served a lengthy discovery request on the City regarding the new disciplinary charges, and confirmed that any administrative action associated with the 2012 disciplinary charge would be stayed until after the court ruled on the summary judgment motion.

The City opposed plaintiff's motion and filed a cross-motion for summary judgment.  The City argued, in part, that the prerogative writs complaint must be dismissed pursuant to Rule 4:69-5 for plaintiff's failure to exhaust his administrative remedies.  The motion judge agreed, holding the case could not remain in the Superior Court because the City is a civil service municipality and plaintiff did not exhaust his administrative remedies.

II.

As a threshold matter, we address the City's argument that Rule 4:69-5 mandated dismissal of the complaint because plaintiff did not exhaust his administrative remedies.  Plaintiff did not respond to this argument.

Administrative remedies must be exhausted before the court can adjudicate an action in lieu of prerogative writs.  Theodore v. Dover Bd. of Educ., 183 N.J. Super. 407, 412 (App. Div. 1982).  "Requiring exhaustion of

---

[4]  The new PNDAs are not subject to this appeal.

A-1453-16T3

administrative remedies before seeking judicial relief is a tenet of administrative law and established by court rule." Borough of Seaside Park v. Comm'r of N.J. Dept. of Educ., 432 N.J. Super. 167, 202 (App. Div. 2013). "The exhaustion requirement serves three primary goals: (1) it ensures that claims are initially heard by the body with expertise in the area; (2) it produces a full factual record facilitating meaningful appellate review; and (3) it conserves judicial resources because the agency decision may satisfy the parties." Id. at 203.

The exhaustion requirement is not jurisdictional or absolute. Griepenburg v. Twp. of Ocean, 220 N.J. 239, 261 (2015). "Exceptions are made when the administrative remedies would be futile, when irreparable harm would result, when jurisdiction of the agency is doubtful, or when an overriding public interest calls for a prompt judicial decision. Ibid. (quoting N.J. Civil Serv. Ass'n v. State, 88 N.J. 605, 613 (1982)); see also Pressler v. Verniero, Current N.J. Court Rules, cmt. 6 on R. 4:69-5 (2019). In considering whether "the interests of justice dictate the extraordinary course of by-passing the administrative remedies made available by the Legislature," the court must consider the "relative delay and expense, the necessity for taking evidence and making factual determinations thereon, the nature of the agency and the extent of judgment, discretion, and expertise involved[.]" Nero v. Bd. of Chosen

Freeholders of Camden Cnty., 144 N.J. Super 313, 321 (App. Div. 1976) (quoting Roadway Express v. Kingsley, 37 N.J. 136, 141 (1962)). Plaintiff has not shown that any exception to the exhaustion requirement applies, and nothing in the record suggests otherwise.

The Civil Service Commission (Commission) has primary jurisdiction over this matter. Plaintiff could assert the City's alleged statutory and regulatory violations as defenses at a disciplinary hearing and thereafter in a timely-filed appeal to the Commission. Plaintiff's allegations that the City failed to timely hold a hearing and reinstate him following his acquittal clearly and logically implicate civil service concepts, and N.J.A.C. 4A:2-2.5 and N.J.A.C. 4A:2-2.13 are civil service regulations. The Legislature has vested the Commission with jurisdiction over such civil service issues. See N.J.S.A. 11A:2-1 (creating the Commission); N.J.S.A. 11A:2-6 (empowering the Commission to, among other things, render final administrative decisions on matters concerning the removal of classified employees); see also Glynn v. Park Tower Apartments, Inc., 213 N.J. Super. 357, 363 (App. Div. 1986) (recognizing that "a case over which an agency has jurisdiction which has been filed with a court ordinarily shouldbe transferred to the agency" under R. 1:13-4(a)). Accordingly, the judge properly

11

granted summary judgment to the City and dismissed the complaint for plaintiff's failure to exhaust his administrative remedies.

Having reached this conclusion, we need not address plaintiff's arguments that the judge erred in failing to dismiss the 2012 disciplinary charges and reinstate him; the judge erred in finding the City acted reasonably in pursuing the 2012 disciplinary charges; and plaintiff is entitled to reimbursement of the legal expenses incurred in defending the criminal charge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1453-16T3